OPINION
{¶ 1} This matter is before the Court on the Notices of Appeal of Gerald Jackson, filed April 16, 2008. On March 14, 2008, following a bench trial in Xenia Municipal Court, Jackson *Page 2 
was found guilty of four counts of misdemeanor nonsupport of dependants, in Case No. 98CRB3792, and one count of misdemeanor nonsupport of dependents, in Case No. 98CRB3633, in violation of R.C. 2919.21. In Case No. 98CRB3792, the trial court sentenced Jackson to 30 days on each count, to run concurrently, and Jackson was fined $100.00. In Case No. 98CRB3633, the trial court sentenced Jackson to 30 days to run consecutively to the sentence in the other matter, and Jackson was fined $100.00.
 {¶ 2} Jackson asserts two assignments of error. His first assignment of error is as follows:
 {¶ 3} "THE STATE FAILED TO EXERCISE REASONABLE DILIGENCE IN EXECUTING PROCESS ON JACKSON."
 {¶ 4} Jackson proceeded to trial pro se. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standard as other litigants." Yocum v. Means, Darke App. No. 1576, 2002-Ohio-3803. A litigant proceeding pro se "cannot expect or demand special treatment from the judge, who is to sit as an impartial arbiter." Id. (Internal citations omitted).
 {¶ 5} Prosecution for a misdemeanor is barred unless it is commenced within two years after the offense is committed. R.C. 2901.13 (A)(1)(b). Crim. R. 12(C) provides, "Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial: (1) Defenses and objections based on defects in the institution of the prosecution." Crim. R. 12(H) provides, "Failure by the defendant to raise defenses or objections or to make requests that must be made prior to trial * * * shall constitute waiver of the defenses or *Page 3 
objections * * * ." Jackson failed to timely assert his statute of limitations defense, and it is accordingly waived. See State v.Grant (June 1, 2004), Butler App. No. 2003-05-114, ¶ 8 ("In order to challenge a charged offense on statute of limitations grounds * * * a defendant must file a motion to dismiss prior to trial.")
 {¶ 6} We note that Jackson's reliance upon State v. McNichols, (Sept. 5, 2000), Stark App. No. 2000CA00058, is misplaced. McNichols was indicted in 1987, and arrested in 1999, and the trial court's decision overruling his motion to dismiss, due to the delay between his indictment and arrest, was reversed on appeal. Unlike Jackson, McNichols filed a motion to dismiss, and the statute of limitations "issue was directly raised in appellant's motion * * * and fully litigated by the parties in the trial court." Id.
 {¶ 7} There being no merit to Jackson's first assignment of error, it is overruled.
 {¶ 8} Jackson's second assignment of error is as follows:
 {¶ 9} "JACKSON SUFFERED AN UNCOMMONLY LONG DELAY, VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO A SPEEDY TRIAL, AND WAS PREJUDICED BY THE DELAY."
 {¶ 10} "The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. * * * Speedy trial provisions must be asserted by a defendant in a timely fashion or they are waived. State v.Bishop, Vinton App. No. 02CA573. `Thus, in order for an accused to procure his release on the basis of a denial of his right to a speedy trial, he must show affirmative action on his part to secure a speedy trial.' (Internal citation omitted.) Additionally, R.C. 2945.73(B)[1]
expressly *Page 4 
provides that a motion for discharge must be made at or prior to commencement of trial. If a motion is not made before commencement of trial, there is no provision for relief under the statute." State v.Hart, Montgomery App. No. 19556, 2003-Ohio-5327.
 {¶ 11} We note that Jackson's reliance upon State v. Grant (April 26, 1995), 103 Ohio App.3d 28, is misplaced. Unlike Jackson, Grant filed a motion to dismiss his indictment on the ground that his right to a speedy trial had been violated. Jackson is precluded from raising his speedy trial rights on direct appeal since he failed to move for dismissal or discharge for a violation of those rights, either orally or in writing, during or prior to trial.
 {¶ 12} There being no merit to Jackson's second assignment of error, it is overruled.
Judgment affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Elizabeth A. Ellis Thomas R. Schiff Hon. Michael K. Murry
[1] R.C. 2945.73 provides, "Upon motion at or prior to thecommencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by Section 2945.71 and 2945.72 of the Revised Code." (Emphasis added). *Page 1