[Cite as *State v. Garza*, 2012-Ohio-200.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK   COUNTY

STATE OF OHIO                          :
                                       :         Appellate Case No. 2011-CA-20
        Plaintiff-Appellee             :
                                       :         Trial Court Case No. 10-CR-860
v.                                     :
                                       :
LUIS GARZA                       :         (Criminal Appeal from
                                       :            Common Pleas Court)
        Defendant-Appellant      :
                                       :
                            . . . . . . . . . . .

O P I N I O N

Rendered on the 20th day of January, 2012.

. . . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. #0082121, Clark County Prosecutor's Office, 50 East
Columbia Street, 4th Floor, Post Office Box 1608, Springfield, Ohio 45501
        Attorney for Plaintiff-Appellee

LUCAS WILDER, Atty. Reg. #0074057, 120 West Second Street, 400 Liberty Tower, Dayton,
Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

        {¶ 1} Luis Garza appeals from his conviction and sentence on one count of discharging

a firearm on or near prohibited premises, to wit: a road, in violation of R.C. 2923.162(A)(3), a

third-degree felony. In his sole assignment of error, Garza contends the trial court abused its discretion in sentencing him to two years in prison.

{¶ 2} The record reflects that Garza pled guilty to discharging a firearm on or near prohibited premises in exchange for the State's dismissal of two other charges, felonious assault (with specifications) and improper handling of a firearm in a motor vehicle. We do not have a transcript of the plea hearing conducted on February 11, 2011, but it was noted on the plea form, "PSI limited to maximum of 2 yrs." Plea of Guilty filed February 16, 2011. In the transcript of the sentencing hearing the prosecutor stated: "The State has agreed that the prison sentence, if any, would be limited to two years." (T. 3). The case proceeded to a sentencing hearing on March 1, 2011. After considering a pre-sentence investigation (PSI) report, hearing from Garza, and listening to arguments from counsel, the trial court imposed a two-year prison sentence.

{¶ 3} Ordinarily, agreed sentences are not reviewable on appeal. R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." But, the record does not clearly reveal whether this was an agreed sentence as contemplated by the statute. Moreover, although we have previously held that sentencing within an agreed range of years can be an "agreed sentence," *State v. Carson*, 2d Dist. Montgomery App. No. 20285, 2004–Ohio–5809, ¶ 20, 31, we hesitate to extend the "agreed sentence" definition to include one where the court must exercise its discretion whether to place a defendant on community control or to impose a prison term. Therefore we will review the defendant's argument.

{¶ 4} On appeal, Garza challenges the trial court's decision to impose a prison term rather than placing him on community control. "When reviewing felony sentences, an appellate court must first determine whether the sentencing court complied with all applicable rules and statutes in imposing the sentence, including R.C. 2929.11 and 2929.12, in order to find whether the sentence is contrary to law. * * * If the sentence is not clearly and convincingly contrary to law, the trial court's decision in imposing the term of imprisonment must be reviewed under an abuse of discretion standard." *State v. Bowshier*, 2d Dist. Clark App. No. 08-CA-58, 2009-Ohio-3429, ¶ 6.

{¶ 5} Here Garza makes no argument that his two-year sentence is contrary to law. He asserts only that the trial court abused its discretion by sending him to prison instead of placing him on community control. We disagree. Based on the record before it, the trial court acted well within its discretion in imposing a prison sentence. Garza's conviction stemmed from his exchange of gunfire with another man, Abimael Cruz, on a road. The shooting occurred outside a bar following an argument inside. A police report, which the trial court considered as part of the PSI report, indicated that Garza followed Cruz outside the bar, approached Cruz's vehicle with a handgun, and broke Cruz's car window. Cruz then drove away, as the two men exchanged gunshots. Some witnesses told police they did not see who was shooting. Others stated that they saw Garza firing a handgun at Cruz's car as it drove away. The vehicles driven by Cruz and Garza that night both sustained gunshot damage.

{¶ 6} The trial court also considered Garza's generally positive employment, school performance, and family life. It acknowledged receiving two letters on his behalf. Taking into account "all these facts and the nature of the offenses," the trial court found a two-year prison

sentence warranted.

{¶ 7} In his brief, Garza suggests that a prison sentence is inconsistent with the purposes of felony sentencing. He also claims the statutory "seriousness" and "recidivism" factors militate against a prison term. Finally, he argues that imposing a prison sentence will place an unnecessary burden on government resources. These arguments fail to persuade us that the trial court abused its discretion in declining to impose a community control sanction. Nothing about the facts of Garza's offense suggest the trial court abused its discretion by imposing a two-year prison term (which was three years less than the statutory maximum for a third-degree felony). Even if it is true, as Garza alleges, that most of the statutory "seriousness" and "recidivism" factors weigh in his favor, that does not mandate a community-control sanction. A trial court "is not required to find a majority of the factors or any particular number of factors in order to impose a sentence greater than the minimum sentence. The court merely needs to demonstrate thoughtful consideration of the sentence, including pertinent statutory factors." *State v. Curran*, 166 Ohio App.3d 206, 2006-Ohio-773, 850 N.E.2d 81, ¶ 32. The trial court satisfied that obligation here, and its two-year prison sentence does not constitute an abuse of discretion.

{¶ 8} Garza's assignment of error is overruled, and the judgment of the Clark County Common Pleas Court is affirmed.

. . . . . . . .

GRADY, P.J., and FROELICH, J., concur

Copies mailed to:

Andrew R. Picek
Lucas Wilder

Hon. Richard J. O'Neill