[Cite as *State v. Bohn*, 2012-Ohio-2096.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE   COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-48 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2011-CR-43 |
| v. | : | |
| | : | |
| JACLYN BOHN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 11th day of May, 2012.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by ELIZABETH A. ELLIS, Atty. Reg.
#0074332, Greene County Prosecutor's Office, Civil Division, 61 Greene Street, Xenia, Ohio
45385
     Attorney for Plaintiff-Appellee

THOMAS M. ADAM, Atty. Reg. #0081321, 424 Patterson Road, Dayton, Ohio 45419
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Jaclyn Bohn appeals from her conviction and sentence following a negotiated

guilty plea to one count of money laundering and one count of conspiracy to commit money

laundering.

{¶ 2}    Bohn advances three assignments of error on appeal. First, she contends her prosecution on the money laundering charge was barred by the applicable statute of limitation. Second, she claims her attorney provided constitutionally ineffective assistance by failing to raise the statute-of-limitation issue and allowing her to plead guilty to money laundering. Third, she asserts that the trial court abused its discretion in imposing an aggregate one-year prison sentence.

{¶ 3}    The record reflects that the State indicted Bohn on nine counts for her role in a drug-trafficking operation. The first count charged engaging in a pattern of corrupt activity, a first-degree felony. The second count charged conspiracy to commit engaging in a pattern of corrupt activity, a second-degree felony. The third through seventh counts charged money laundering, third-degree felonies. The eighth count charged cocaine possession, a fifth-degree felony. The ninth count charged obstructing official business, a second-degree misdemeanor. The indictment also contained forfeiture specifications.

{¶ 4}    Bohn pled guilty to count five (money laundering) and an amended count seven (conspiracy to commit money laundering). She also agreed to the forfeiture specifications. In exchange for the guilty pleas, the State dismissed all other charges and agreed to recommend community control. During the plea hearing, Bohn acknowledged that her attorney had "talked about potential defenses and the nature of the charges[.]" The trial court accepted Bohn's pleas. It later imposed concurrent, one-year prison sentences.

{¶ 5}    In her first assignment of error, Bohn contends the State violated the applicable statute of limitation   by prosecuting her more than six years after the occurrence of

the money-laundering offense in count five. She addresses the issue as plain error because she failed to raise it below.

{¶ 6}     Count five of the indictment accused Bohn of engaging in money laundering on March 3, 2003. Her indictment was filed on January 21, 2001. Under R.C. 2901.13(A)(1)(a), prosecution for a felony generally must be commenced within six years of the offense. Although Bohn was indicted more than six years after the offense charged in count five, we have previously held that failure to assert a statute-of-limitation defense in the trial court waives it. *State v. Jackson*, 2d Dist. Greene Nos. 2008 CA 30, 2008 CA 31, 2009-Ohio-1773, ¶ 5.

{¶ 7}     While the issue remains reviewable under the plain-error doctrine, we find no plain error here. Establishing plain error requires a showing of prejudice. *State v. Rhines*, 2d Dist. Montgomery No. 24203, 2011-Ohio-3615, ¶ 26. Bohn was not prejudiced by her failure to raise a statute-of-limitation argument below. Even if she had prevailed on a claim that count five was time barred, the indictment contained other identical charges that were not time barred. Count four charged her with money laundering on March 6, 2009. Count six charged her with money laundering on June 28, 2007. Neither of these charges was barred by the six-year statute of limitation. Therefore, if Bohn had objected to being prosecuted on count five, the State could have negotiated that her guilty plea be to count four or count six instead. The defendant has failed to demonstrate how it made any difference which particular money-laundering charge was part of the plea agreement. Just as important is that the failure to contemporaneously raise the statute-of-limitation issue  prevents the State from raising, and the trial court from evaluating, possible extensions of the statute of limitation by R.C.

2901.13(D) (a continuing course of conduct) or R.C. 2901.13(F) (corpus delecti undiscovered). Accordingly, the defendant has failed to demonstrate prejudice, which requires that we overrule the first assignment of error.

{¶ 8} In her second assignment of error, Bohn raises an ineffective-assistance-of-counsel argument based on her attorney's failure to address the statute-of-limitation issue below.

{¶ 9} To establish ineffective assistance, Bohn must show that her attorney's performance was deficient and that it prejudiced her. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). She does not make either showing. Bohn acknowledged during her plea hearing that her attorney had discussed potential defenses with her. The statute of limitation is a potential defense in a criminal case. *Jackson*, *supra*. Absent evidence that her attorney failed to discuss the statute of limitation with her, we will presume regularity and, thus, cannot find deficient performance on this record.

{¶ 10} In any event, Bohn was not prejudiced even assuming her attorney did overlook a statute-of-limitation issue. As explained above, the parties could have substituted the money-laundering charge in count four or count six and proceeded with the same plea agreement. There may have been statutory reasons to extend the limitation period. To demonstrate prejudice, Bohn must show that she likely would not have pled guilty and instead would have gone to trial if she had known about the potential statute-of-limitation issue. *State v. King*, 2d Dist. Montgomery No. 23325, 2010-Ohio-2839, ¶ 11. Given the ease with which another money-laundering charge could have been substituted for count five, the potential for extension of the limitation period, and the substantial benefit Bohn obtained from the plea

deal, including the dismissal of serious felonies and the State's recommendation of community control, she has failed to demonstrate a reasonable likelihood that she would have gone to trial if count five had been declared time barred. Therefore, we are unpersuaded that she was prejudiced even if her attorney did fail to recognize the statute-of-limitation issue. The second assignment of error is overruled.

{¶ 11} In her third assignment of error, Bohn claims the trial court abused its discretion in sentencing her to one year in prison. Specifically, she argues that the"seriousness" and "recidivism" factors in R.C. 2929.12 do not demonstrate the need for a prison sentence. She also contends the trial court improperly considered the conduct of her husband and a co-defendant, as well as the fact that she was charged with nine counts.

{¶ 12} We see no abuse of discretion in Bohn's sentence. Community control is not required even if most of the statutory seriousness and recidivism factors weigh in a defendant's favor. *State v. Garza*, 2d Dist. Clark No. 2011-CA-20, 2012-Ohio-200, ¶ 7. The trial court's only obligation was to consider the factors. *Id.* As for the trial court's reference to Bohn's husband and a co-defendant, it noted only that her money laundering was an integral part of a larger drug-trafficking operation. The trial court was entitled to take this fact into account. The trial court also was entitled to consider the benefit Bohn obtained from her plea bargain, including the dismissal of other serious charges, when imposing her sentence. *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 16 (2d Dist.). Accordingly, her third assignment of error is overruled.

{¶ 13} The judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Stephen K. Haller
Elizabeth A. Ellis
Thomas M. Adam
Hon. Stephen Wolaver