[Cite as *State v. Gulley*, 2015-Ohio-3582.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101527**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## CLIFFORD L. GULLEY

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-578993-A

**BEFORE:** Blackmon, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 3, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Maxwell Martin
Daniel T. Van
Assistant County Prosecutors
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Fernando Mack
Attorney at Law
1220 West 6th Street
203 The Bradley Building
Cleveland, Ohio 44113

Edward F. Borkowski, Jr.
P.O. Box 609151
Cleveland, Ohio 44109

PATRICIA ANN BLACKMON, J.:

{¶1} Appellant the state of Ohio ("the state") appeals the decision of the trial court to dismiss the indictment against appellee Clifford L. Gulley ("Gulley") for preindictment delay. The state assigns the following three errors for our review.

> I. The trial court erred in dismissing the indictment where the trial court failed to make specific findings that the defendant suffered actual and substantial prejudice based on the delay and based upon specific facts.

> II. The trial court erred in dismissing the indictment as appellee failed to present evidence establishing that he suffered actual and substantial prejudice based on pre-indictment delay.

> III. Assuming that the defendant established actual and substantial prejudice, the trial court erred in dismissing the indictment where the trial court failed to make a determination as to the reasonableness of the delay.

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's judgment. The apposite facts follow.

{¶3} The victim alleged she was raped on October 14, 1993. She gave the officers Gulley's name as the perpetrator. Gulley was thereafter interviewed by police. On November 11, 1993, the police closed the investigation because the victim failed to give a formal statement.

{¶4} On June 1, 2012, the rape kit from the victim was submitted for testing by the Bureau of Criminal Investigation("BCI") as part of Attorney General Mike DeWine's incentive to have the BCI test its backlog of untested rape kits. On April 1, 2013, the BCI performed the DNA profiling that indicated the DNA was consistent with the victim's DNA and an "unknown male," even though Gulley was listed as the suspect in the investigation and the police had his address and social security number.

**{¶5}** According to the state, the victim was shown a photo array on October 8, 2013, and identified Gulley as the man who had raped her. In spite of the victim's recent identification and the information from the prior investigation that listed Gulley as the suspect, the state indicted "John Doe" for the rape on October 11, 2013.[1] Attached to the indictment was the DNA profile of "John Doe" obtained from the rape kit. The indictment was filed several days prior to the expiration of the 20-year statute of limitations.

**{¶6}** In January 2014, the BCI did a DNA comparison with the Combined Data Index System ("CODIS")[2] and found that the DNA matched Gulley's DNA. Consequently, on March 14, 2014, the state amended the indictment to add Gulley as the defendant. This was five months after the expiration of the statute of limitations.

**{¶7}** Gulley filed a motion to dismiss the indictment based on the fact the statute of limitations had expired by the time his name was placed on the indictment. He also argued the indictment should be dismissed because of preindictment delay.

**{¶8}** The trial court conducted a hearing on the motion. According to the police report, on October 14, 1993, Gulley met the victim and the victim's sister at a bar in East Cleveland, Ohio. Gulley introduced himself by name and also showed the women his Lerner's charge card that had his full name on it. At some point, the victim

---

[1] Although the indictment states October 13, both the state and defense counsel claimed the date of the alleged rape was October 14.

[2] "CODIS is a computerized program designed to house DNA profiles from convicted offenders, forensic samples, missing persons, unidentified remains and relatives of missing persons in various searchable databases." Ohio Bureau of Criminal Identification and Investigation, CODIS *Methods Manual*, Section 1 (2009).

left the table to go to the restroom. When she returned, her sister had left. According to the victim, Gulley offered her a ride home. She passed out in the car and when she awoke she was alone in a hotel room with her clothes strewn around the room. She was sore and bleeding from her rectum. The victim showered and called her brother for a ride.

{¶9} Once she was home, she told her boyfriend what had happened and he took her to University Hospitals where a rape kit was conducted. Presumably, this is where the above information was given to the police officer.

{¶10} A detective was assigned to further investigate the case. The victim was contacted and given a date to come into the police station to give a formal statement; however, she never showed. The detective was also given Gulley's identifying information and contacted him. Based on Gulley's oral statement, the detective determined there was no proof of "foul play" and closed the case on November 11, 1993. Although the file indicated that Gulley's oral statement was taken, the contents of the conversation were not included in the file.

{¶11} The court denied Gulley's motion to dismiss based on the expiration of the statute of limitations, but granted Gulley's motion based on preindictment delay. The court held as follows:

> The court hereby denies the motion to dismiss alleging the state's indictment is beyond the statute of limitations. The court, however, grants defendant's motion on preindictment delay, specifically finding prejudice to the defendant caused by the delay is a violation of his due process rights.

> The defendant, who's identity was known by the police authorities was interviewed, but no record was preserved. For unknown reasons prosecution was not pursued. The court makes the finding that the undue delay violated the defendant's due process rights and it hereby dismisse[s] [the case] with prejudice.

Judgment Entry, June 11, 2014. The state filed an appeal of right pursuant to R.C. 2945.67(A).

### Statute of Limitations

**{¶12}** We conclude the trial court did not err by dismissing the indictment but do so based on a reason other than that relied upon by the trial court. We are permitted to affirm a judgment based on incorrect reasoning if the judgment is legally correct on other grounds. *State v. Payton*, 124 Ohio App.3d 552, 557, 706 N.E.2d 842 (12th Dist.1997); *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, 732 N.E.2d 485 (6th Dist.1999), fn.3. A trial court's error is not prejudicial when it achieves the right result for the wrong reason. Although the trial court found otherwise, we conclude that the dismissal of the indictment was proper because the statute of limitations had expired. We note that both the state and Gulley were given the opportunity to file supplemental briefs on this issue, and, in fact did so.[3]

**{¶13}** R.C. 2901.13(A)(1) provides that a prosecution shall be barred unless it is commenced within the applicable limitations period. R.C. 2901.13 is intended to "discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct." *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co.,* 85 Ohio St.3d 582, 586, 709 N.E.2d 1192 (1999).

---

[3]We recognize this court has recently released its en banc opinion in *State v. Jones*, 8th Dist. Cuyahoga No. 101258, 2015-Ohio-2853, in which we held that preindictment delay supported the trial court's dismissal of an indictment against a "known" suspect 20 years after the alleged crime. If we had ignored the statute of limitations issue and addressed the instant appeal under preindictment delay, the precedent in *Jones* would have also supported the trial court's decision in the instant case to dismiss Gulley's indictment.

"'The rationale for limiting criminal prosecutions is that they should be based on reasonably fresh, and therefore, more trustworthy evidence.'" *Id.,* quoting *State v. Hensley*, 59 Ohio St.3d 136, 571 N.E.2d 711 (1991).

**{¶14}** R.C. 2901.13(A)(3)(a) provides that a 20-year statute of limitations applies to rape offenses. The state bears the burden of establishing that prosecution was commenced within the applicable limitations period. *State v. King*, 103 Ohio App.3d 210, 212, 658 N.E.2d 1138 (10th Dist.1995).

**{¶15}** It is undisputed that the alleged rape occurred on October 13 or 14, 1993. The prosecutor's office originally indicted the case as "John Doe" and attached the DNA profile on October 11, 2013, a few days prior to the expiration of the statute of limitations. The use of the name John Doe and the DNA profile is troubling because Gulley was a named suspect at the time of the rape and the victim had identified Gulley from a photo array several days prior to the expiration of the statute of limitations. There is case law that if reasonable diligence was used by law enforcement in its attempts to identify the defendant, and all attempts have failed, a John Doe- DNA indictment or warrant can toll the statute of limitations. *State v. Danley*, 138 Ohio Misc.2d 1, 2006-Ohio-3585, 853 N.E.2d 1224 (C.P.); *State v. Younge*, 2013 UT 71, 321 P.3d 1127; *Commonwealth v. Dixon*, 458 Mass. 446, 938 N.E.2d 878 (2010); *People v. Robinson*, 47 Cal.4th 1104, 104 Cal.Rptr.3d 727, 224 P.3d 55 (2010); *State v. Burdick*, 395 S.W.3d 120 (Tenn.2010); *People v. Martinez*, 52 A.D.3d 68, 855 N.Y.S.2d 522 (2008); *State v. Davis*, 2005 WI App. 98, Wis.2d 118, 698 N.W.2d 823; *State v. Dabney*, 2003 WI App. 108, 264 Wis.2d 843, 663 N.W.2d 366 (2003); *See also* Bieber, *Meeting the Statute or Beating It:*

*Using "John Doe" Indictments Based on DNA to Meet the Statute of Limitations*, 150 U. Pa.L.Rev. 1079, 1081-1086 (2002).

{¶16} The above cases, unlike the instant case, all concerned *unknown* defendants. However, to indict a *known* defendant as "John Doe" is completely contradictory to the intent behind the statute of limitations. The above cases all concern unknown perpetrators. As we previously stated, the statute of limitations is intended "to discourage inefficient or dilatory law enforcement." *Climaco*, 85 Ohio St.3d 582, 586, 709 N.E.2d 1192 (1999). Here, where law enforcement had Gulley's name but simply failed to investigate the matter further when the victim failed to appear for her interview, reasonable diligence does not support the use of a John Doe-DNA indictment. In fact, in *Danley*, the court listed as one of the factors in determining whether the use of the DNA profile tolled the statute of limitations, is "the reason for the delay was that the only way to locate and identify the defendant was the DNA profile, which could be matched only as the information became available from the incarcerated defendant." *Danley* at ¶ 16. This was obviously not the case here.

{¶17} Several months after the statute of limitations had expired, the prosecutor's office amended the indictment to include Gulley's name, once there was a DNA match with CODIS. However, Gulley was always the suspect in this case. This was not a case of "who did it." Thus, the DNA evidence did not add anything new to the case. In fact, Gulley's statement was taken shortly after the alleged rape, and as a result, the prosecutor had Gulley's name, address, and social security number. Moreover, according to the state, the victim identified Gulley from a photo array on October 8, 2013, several days

prior to the expiration of the statute of limitations, yet the state inexplicably still chose to proceed with a John Doe indictment instead of naming Gulley.

**{¶18}** Inefficient and dilatory law enforcement was the reason the statute of limitations expired.[4] The DNA match to Gulley was not necessary to indict him when he was a known suspect twenty years ago and identified by the victim from a photo array several days prior to the expiration of the statute of limitations. Accordingly, the trial court did not err by dismissing the indictment.

**{¶19}** Because we have concluded the statute of limitations expired prior to the indictment, the state's assigned errors are moot and need not be addressed. App.R. 12(A)(1)(c).

**{¶20}** Judgment affirmed.

It is ordered that appellee recover of appellant his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

---

[4]Recently, this court in *State v. Martin*, 8th Dist. Cuyahoga No. 100753, 2015-Ohio-761, also held that dilatory law enforcement was the reason the statute of limitations expired prior to indictment. In that case, the state argued that the statute of limitations should have tolled during the time the defendant lived out of state. However, similar to the instant case, the police knew that the defendant was a suspect at the time of the rape and knew his whereabouts at that time, but closed the case due to the victim's failure to return officers' calls. It was not until the rape kit was tested twenty years later, and the DNA matched the defendant's DNA, that the police indicted the defendant. It appears there was a pattern in the early 1990s of law enforcement not continuing to investigate a sex crime once the victim failed to respond. This dilatory behavior should not constitute an exception for indicting people after the statute of limitations has expired.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

PATRICIA ANN BLACKMON,   JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURRING
IN JUDGMENT ONLY WITH ATTACHED OPINION
SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

**{¶21}** I concur in judgment only with the holding of the majority affirming the dismissal of the charge based solely on the expiration of the statute of limitations. Charging a case within the statute of limitations as a "John Doe" when the offender's identity was clearly known cannot save the statute of limitations.

**{¶22}** I nevertheless disagree with the majority's suggestion in ¶ 12, fn. 3, that the dismissal could also be upheld under the preindictment delay standard based on the en banc holding from *State v. Jones,* 8th Dist. Cuyahoga No. 101258, 2015-Ohio-2853.

**{¶23}** The *Jones* decision was limited in scope and only involved the first prong of the preindictment delay analysis.   The *Jones* majority omitted any discussion of the second prong, and as a result, the implications of *Jones* are limited.   It is well settled that in order to substantiate a claim of preindictment delay, "[t]he defendant has the initial burden to show that he was substantially and actually prejudiced due to the delay."   *State v. Dixon*, 8th Dist. Cuyahoga No. 102335, 2015-Ohio-3144, ¶ 19, citing *State v. Whiting*, 84 Ohio St.3d 215, 217, 1998-Ohio-575, 702 N.E.2d 1199.   The *Jones* decision was limited to this first prong.   However, if actual prejudice is demonstrated, the "burden

then shifts to the state to produce evidence of a justifiable reason for the delay." *Id.*, citing *State v. Walls*, 96 Ohio St.3d 437, 2002-Ohio-5059, 775 N.E.2d 829, ¶ 51. In this case, the trial court failed to address the second prong of the preindictment delay test, and therefore, the decision cannot be affirmed based on *State v. Jones* alone. *State v. Jones* is wholly inapplicable, and the majority's citation as an alternative basis for upholding the dismissal entry is not based on the record.

{¶24} Because the statute of limitations in this particular case expired by the time the indictment was amended to contain Gulley's true identity, I agree that dismissal was proper.