IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | |
| Plaintiff-Appellee, | : | Case No. 23CA10 |
| | : | |
| v. | : | |
| | : | DECISION AND JUDGMENT |
| KENNETH AKERS, | : | ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Angela Miller, Jupiter, Florida for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for Appellee.

_____

Per Curiam.

{¶1} Kenneth Akers, "appellant," appeals the November 7, 2023 Judgment Entry of the Meigs County Court of Common Pleas. A jury convicted appellant of ten counts of Pandering Obscenity Involving a Minor, R.C. 2907.321(A)(5). The trial court imposed an aggregate prison term of 180 months.

{¶2} On appeal, appellant raises three assignments of error challenging: (1) the effectiveness of his trial counsel; (2) the court's ruling on a pretrial motion in limine; and (3) the consecutive nature of his sentence.

Based on our review, appellant's first assignment of error is sustained in part. The remaining arguments within the first assignment of error, along with assignments of error two and three, are therefore rendered moot. The judgment of the trial court is reversed. This cause is remanded for proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶3} On August 27, 2015, appellant resided with his girlfriend, T.H. at 42477 Lemaster Road, Albany, Ohio.[1] T.H.'s minor daughter, C.W., and her minor grandson, D.H., also resided in the home. On or about August 27, 2015, Jordan Snoke of Meigs County Child Protective Services (CPS) attempted to contact T.H. about possible child sexual abuse in the home.

{¶4} Unable to make contact, Snoke left information for T.H. to contact him. Later that same day, appellant, T.H., C.W., and D.H. all presented to the Meigs County Sheriff's Office. Snoke discussed the sexual abuse allegations with T.H. During the interview, T.H. reported finding child pornography on the computer appellant and she used in their bedroom.

---

[1] According to an Athens city and county governmental website at http://www.co.athensoh.org, accessed August 29, 2025, Albany is a village in Athens County. According to the official Athens County Auditor website and the Meigs County Auditor Website, there are portions of Lemaster Road in each county. While we were unable to find a parcel listing for 42477 Lemaster Road, 42471 Lemaster Road and 42480 Lemaster Road are located in Meigs County, with an Albany, Ohio address. While venue was not contested at trial, we clarify for any readers who may know that Albany, Ohio, itself, is located in Athens County.

{¶5} T.H. explained that she had installed a program called Webwatcher, a tracking device, to monitor appellant's use of the computer because she suspected him of talking to other women online or cheating. This is how she became aware of the child pornography. T.H. denied the child pornography was searched, accessed, viewed or otherwise caused by her. She also advised that C.W. and D.H. did not have access to the computer.

{¶6} As a result, on August 27, 2015, appellant was not allowed to return to the Lemaster Road address. Instead, he gave officials an address in Lancaster, Ohio where he would be staying. No further activity regarding criminal allegations against appellant occurred for nearly three years.

{¶7} On March 15, 2018, appellant was indicted on ten counts of Pandering Obscenity Involving a Minor, violations of R.C. 2907.321(A)(5), fourth degree felonies. The offenses were alleged to have occurred on or about August 27, 2015, and the counts related to images found on the computer appellant used in T.H.'s home. Nothing within the indictment related to alleged child sexual abuse.

{¶8} The court record reflects that a warrant was also requested by the prosecutor and issued on March 15, 2018. The record also reflects this

warrant listed appellant's address as 42477 Lemaster Road.  Service was not accomplished at that time.

{¶9} On May 17, 2018, the court record contains this notation: "Warrant has not been served.  Continued off docket until such time as the Sheriff serves the warrant and brings the defendant before this court." Again, a lapse of nearly five years occurred before additional action was taken on the matter.  Appellant was not served with the indictment or arrested until March 31, 2023.  At arraignment, appellant completed an indigency form and listed his address as 6903 S.R. 141, Gallipolis, Ohio.

{¶10} Appellant eventually proceeded to a jury trial beginning on October 31, 2023.  The State presented the testimony of T.H.; Patrolman Jordan Snoke of the Middleport Police Department and Meigs County Job and Family Services; Captain Frank Stewart of the Meigs County Sheriff's Office; and Ian Wallace of the Ohio Bureau and Crime Investigation (BCI). Appellant testified in his own defense.  He also presented testimony from his son, J.A., and from D.H.

{¶11} On November 2, 2023, appellant was convicted on all counts. Appellant was sentenced to the maximum sentence of 18 months on each count.  The court ordered the sentences be served consecutively for a total aggregate prison term of 180 months (15 years).

{¶12} This timely appeal followed.  Additional relevant facts are set forth below.

## ASSIGNMENTS OF ERROR

I.   THE REPRESENTATION PROVIDED TO AKERS FELL BELOW THE PREVAILING NORMS FOR COUNSEL AND AFFECTED THE OUTCOME OF HIS TRIAL IN VIOLATION OF THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE 1, SECTIONS 2, 10 AND 16 OF THE OHIO CONSTITUTION, AND EVID. R. 106.

II.  THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT AKERS BY DENYING HIS MOTION IN LIMINE AND PERMITTING THE STATE OF OHIO TO PLAY THE ENTIRE RECORDED INTERVIEW OF TAMMY HERDMAN. U.S. CONSTITUTIONAL AMENDMENTS V, VI, XIV; OHIO CONST. ARTICLE 1, SECTIONS 10 AND 16; EVID. R. 106.

III. THE TRIAL COURT ERRED WHEN IT IMPOSED ONSECUTIVE SENTENCES ON APPELLANT AKERS. R.C.2929.14 (C)(4).

## ASSIGNMENT OF ERROR ONE - INEFFECTIVE ASSISTANCE OF COUNSEL

{¶13} Appellant makes five distinct arguments under the first assignment of error challenging the effectiveness of his trial counsel.  We begin with consideration of appellant's argument that his counsel's

performance was deficient for failing to file a motion to dismiss the indictment based on the statute of limitations for felony offenses, R.C. 2901.13(F).  For the reasons which follow, we find appellant's argument has merit.  Therefore, this portion of the first assignment of error is sustained.

{¶14} As an initial matter, we note that Crim.R. 12(C)(1) provides that "[t]he following must be raised before trial:  * * * Defenses and objections based on defects in the institution of the prosecution[.]"  Thus, "[i]n order to challenge a charged offense on statute of limitations grounds * * *, a defendant must file a motion to dismiss prior to trial."  *State v. Grant,* 2004-Ohio-2810, ¶ 9 (12th Dist.); *accord State v. Jackson,* 2009-Ohio-1773, ¶ 5 (2d Dist.).  The "[f]ailure by the defendant to raise defenses * * * that must be made prior to trial * * * shall constitute waiver of the defenses or objections[.]"  Crim.R. 12(H); *Grant* at ¶ 9; *Jackson* at ¶ 5.  *See also State v. Lusher,* 2012-Ohio-5526, at ¶ 29 (4th Dist.).  However, as the appellant herein has recognized, the issue can be reviewed in an ineffective-assistance-of-counsel claim on appeal.  *See State v. Hawkins,* 2019-Ohio-5133, at ¶ 10 (8th Dist.); *Grant*, at ¶ 9;  *State v. Anderson,* 2012-Ohio-3245, at ¶ 58 (4th Dist.); *Lusher,* at ¶ 29.

Standard of Review

{¶15} " 'Upon direct appeal, appellate courts review claims of ineffective assistance of counsel on a de novo basis, simply because the issue originates at the appellate level; no trial court has ruled on the issue. Appellate courts review the trial record and are left to judge from the bare record whether the assistance was effective.' " *State v. Blanton*, 2025-Ohio-237, ¶ 42 (4th Dist.), quoting *State v. Gondor,* 2006-Ohio-6679, ¶ 53. "To establish constitutionally ineffective assistance of counsel, a defendant must show (1) that his counsel's performance was deficient and (2) that the deficient performance prejudiced the defense and deprived him of a fair trial." *State v. Jenkins,* 2014-Ohio-3123, ¶ 15 (4th Dist.), citing *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Failure to satisfy either part of the test is fatal to the claim. *See Strickland* at 697. The defendant "has the burden of proof because in Ohio, a properly licensed attorney is presumed competent." *Gondor* at ¶ 62.

{¶16} " 'In order to show deficient performance, the defendant must prove that counsel's performance fell below an objective level of reasonable representation.' " *State v. Adams*, 2016-Ohio-7772, ¶ 89 (4th Dist.), quoting *State v. Conway*, 2006-Ohio-2815, ¶ 95. When considering counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance;

that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Strickland* at 689, quoting *Michel v. Louisiana,* 350 U.S. 91, 101 (1955). " 'To show prejudice, the defendant must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.' " *Adams* at ¶ 89, quoting *Conway* at ¶ 95.

{¶17} A properly licensed attorney in Ohio is presumed competent. *State v. Quintero,* 2018-Ohio-5145, ¶ 38 (10th Dist.), citing *State v. Lott,* 51 Ohio St.3d 160, 174 (1990). The burden of proving ineffective assistance of counsel is on the defendant. *State v. Smith,* 17 Ohio St.3d 98, 100 (1985); *Hawkins*, at ¶ 27. We recognize that there are countless ways for an attorney to provide effective assistance in a given case, and we must give great deference to counsel's performance. *Id*.; *Strickland* at 689. Trial counsel is entitled to a strong presumption that his or her performance was adequate, and the attorney's action constituted sound trial strategy. To demonstrate prejudice, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *State v. Bradley,* 42 Ohio St.3d 136 (1989), paragraph three of the syllabus.

Legal Principles

{¶18} A criminal statute of limitations is designed to "limit exposure to prosecution to a certain fixed period of time following the occurrence of those acts * * *." *State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A.,* 85 Ohio St.3d 582, 586 (1999). *See Hawkins*, at ¶ 11. In Ohio, R.C. 2901.13 governs the criminal statute of limitations. As the Supreme Court of Ohio explained in *Climaco, supra,* R.C. 2901.13 is not designed to give offenders a chance to avoid criminal liability, but rather "to discourage inefficient or dilatory law enforcement." *Id*. at 586. The rationale for the criminal statute of limitations is that a criminal prosecution should be based on reasonably fresh and more trustworthy evidence. *Id*.

{¶19} When the statute of limitations is a defense to a criminal charge, the state bears the burden of proving that the prosecution of the crime comes within the appropriate statute of limitations. *See Hawkins* at ¶ 12, citing *Climaco* at 587. For a felony, a prosecution is barred unless it is "commenced" within six years. R.C. 2901.13(A)(1)(a).

{¶20} R.C. 2901.13(F) defines "commenced" as follows:

> A prosecution is commenced on the date the indictment is returned or on the date a summons is issued, whichever occurs first. Crim.R. 4(D)(3) provides, in pertinent part, that a summons may be served upon a defendant by delivering a copy to him personally; by leaving it at his usual place of residence; or, except when the summons is issued in lieu of executing a warrant by arrest, by mailing

it to the defendant's last known address by certified mail with a return receipt requested or by commercial carrier service utilizing any form of delivery requiring a signed receipt.

{¶21} " '[A] prosecution is not commenced so as to toll the running of the statute of limitations merely by the issuance of a summons or warrant. It is commenced by the issuance of a summons or warrant plus the exercise of reasonable diligence to execute the same.' " *Hawkins, supra*, at ¶ 15, quoting *State v. Morris*, 20 Ohio App.3d 321, 322 (10th Dist.1984). Service in compliance with Crim.R. 4(D) is only the threshold requirement, and it does not end the inquiry. *Morris,* at 323. " '[W]hat constitutes reasonable diligence will depend on the facts and circumstances of each particular case.' " *Hawkins, supra*, at ¶ 16, quoting *Sizemore v. Smith*, 6 Ohio St.3d 330, 332 (1983).

{¶22} Once a defendant raises the issue that the statute of limitations has expired, the burden shifts to the State to show that it exercised reasonable diligence to execute process and therefore the statutory time is tolled. *See State v. Stamper*, 2006-Ohio-722, ¶ 32 (4th Dist.), citing *Climaco*, 85 Ohio St.3d 582, 586, and *State v. King*, 103 Ohio App.3d 210, 212 (10th Dist.1995). The Supreme Court of Ohio, quoting Black's Law Dictionary 412 (5th Ed.1979), has defined reasonable diligence as " '[a] fair, proper and due degree of care and activity, measured with reference to the

particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity.' " *Sizemore* at 332. In general, "reasonable diligence" is exercised where the prosecution can demonstrate that an effort was made to serve the summons in a manner provided by Crim.R. 4(D). *See State v. Stevens,* 1994 WL 716350, *1 (8th Dist.1994), citing *Morris, supra.*

Analysis

{¶23} Herein, appellant argues his trial counsel provided ineffective assistance of counsel by failing to file a motion to dismiss the indictment on grounds that the criminal action was not commenced within the statutory time for prosecution prescribed in R.C. 2901.13. Appellant contends that there was no strategic reason for not filing such a motion. Further, appellant contends that the State cannot show that it exercised reasonable diligence in executing process of the indictment upon him.

{¶24} The State of Ohio reminds us that appellant's argument is to be analyzed in the context of his ineffective assistance claim. Appellant is required to show that he was deprived of a fair trial, i.e., prejudiced, due to his attorney's omission of failing to file a motion to dismiss. The State claims this choice was strategic and because the trial court would not have granted the motion, no prejudice occurred. The State argues that while the

court's docket does not reflect unsuccessful attempts to serve and arrest appellant, that does not mean attempts to do so were not made.

{¶25} In response to the State, appellant points out that the State has completely failed to explain the eight-year delay. Appellant points to opportunities during the trial court proceedings where defense counsel could have addressed the delay. Appellant characterizes the State's arguments, that it exercised reasonable diligence in the matter and that a motion to dismiss would have been denied, as pure speculation.

{¶26} In this case, the charges against appellant allegedly occurred on or about August 27, 2015. The criminal prosecution for his felony offenses must therefore have been "commenced" within six years, by August 27, 2021. The state indicted him on March 15, 2018, and a warrant issued the same day. The prosecutor requested personal service pursuant to Crim.R. 4(D)(3). After one attempt, the case was designated "off docket" approximately two months later, in May 2015. Appellant was not served with the summons or arrested until March 31, 2023. The question is then whether the State exercised reasonable diligence when serving the summons as to toll the six-year limitations pursuant to R.C. 2901.03(F).

{¶27} In *Doggett v. United States,* 505 U.S. 647, 652, the United States Supreme Court noted: "[C]ourts have generally found postaccusation

delay 'presumptively prejudicial' at least as it approaches one year. The Supreme Court of Ohio has recognized that a ten-month delay from the filing of a complaint to the issuance of an indictment is presumptively prejudicial. *State v. Selvage,* 80 Ohio St.3d 465, 468 (1997). In S*tate v. Stamper, supra,* this court found a delay of over 40 months between filing of complaint and defendant's arrest to be presumptively prejudicial. What constitutes reasonable diligence must be determined by the facts and circumstances of each particular case. *See State v. Pannell*, 2017-Ohio-4286, at ¶ 19 (5th Dist.), citing *Sizemore* at 332.

{¶28} In *Pannell,* the Fifth District court found that three attempts at service in eight years did not demonstrate reasonable diligence where there was no evidence that the state approached the residence where the defendant was thought to live. *Id.* at ¶ 29. In *State v. Jenkins,* 2010-Ohio-2719, the Fifth District court found that the record contained insufficient evidence appellant "purposely" avoided prosecution and contacting his mother on one occasion did not establish due diligence in executing the warrant. *Id*. at ¶ 60. In *State v. Morris, supra*, at 322-323, the Tenth District court found prosecution was not commenced within the two-year limitation period and was barred where "no effort at all was made to execute the warrant issued * * * within two years after the offense was alleged to have been

committed." In *State v. Jackson, supra,* at ¶ 10, the appellate court found that the state failed to show it exercised "any diligence" much less "reasonable diligence" where it served the defendant in 1999 but the summons was returned, marked "address unknown" and no additional efforts were made to serve or locate the defendant until 2005. *See also State v. Eden,* 1991 WL 271690 (5th Dist.) (no reasonable diligence exercised where no evidence exists appellant purposely avoided prosecution, left state, or concealed identity or whereabouts to avoid prosecution); *State v. Mahoney,* 1993 WL 405446 (5th Dist.) (no effort at all made to execute warrant; case docket shows no activity for three years, in which time no evidence presented regarding any attempt to serve warrant).

{¶29} In *Hawkins, supra*, the State sent summons to Hawkins' last known address, which happened to be the victim's address. By the time the State issued the summons five years after the incident, Hawkins no longer lived there, and the summons was returned unclaimed. The docket did not reflect any subsequent attempts to locate Hawkins or serve the summons. Although the State argued that Hawkins left the state to go live with his mother in Georgia, the appellate court found that he did not move to purposely avoid prosecution. Hawkins testified that he did not know there were charges against him, and he did not move to Georgia until two years

after the incident and three years before the indictment. The Eighth District court found that his trial counsel's performance fell below the objective standard of reasonable representation and that there was a reasonable probability that the outcome of the case would have been different if counsel had filed a motion to dismiss based on the statute of limitation.

{¶30} In this case, the record reflects a single attempt at personal service of the indictment at an address which cannot be considered his last known address on or about March 15, 2018. Although whether the State exercised reasonable diligence depends upon the facts and circumstances of each case, "generally a single attempt to serve a defendant in compliance with Crim.R. 4(D) is insufficient to constitute reasonable diligence." *State v. Gallant*, 2007-Ohio-6714, at ¶ 30 (3d Dist.); *see also State v. King, supra*, at 212-213 (State did not show reasonable diligence when it made only one attempt to serve defendant with summons where defendant's whereabouts "could have been easily ascertained"); *State v. Myers,* 2007-Ohio-279, ¶ 4 (8th Dist.) (State did not demonstrate reasonable diligence in attempting to serve defendant where no additional efforts were made to serve him after a failed certified mail attempt); *State v. McNichols*, 2000 WL 1275491, at *2 (5th Dist.) (Single attempt in 12 years did not show reasonable diligence

where during the lengthy time period, appellant lived openly under his own name in the same county and was incarcerated once in that county).

{¶31} We also note that the court has considered service under Crim.R. 4(D) to constitute due diligence when a summons was served at a defendant's undisputed last known address. *See State v. Stevens*, 1994 WL 716350, *1 (8th Dist.1994) (Appellant did not contest that the address to which summons was sent was the wrong address; as such, the State did not fail to exercise reasonable diligence in commencing prosecution); *Cleveland v. Judd,* 2003-Ohio-29, (8th Dist.) (Appellant conceded he lived at the address that the summons was mailed to and therefore the court concluded the State's mailing the summons by certified mail under Crim.R. 4(D) constituted due diligence); and *Cleveland v. Anderson,* 1992 WL 209579 (8th Dist.1992) (It was undisputed appellant lived at the address to which the summons was mailed throughout the pendency of the case).

{¶32} In this case, service was not even attempted at appellant's last known address. Service was attempted at T.H.'s home where appellant was more than likely advised by law enforcement officers not to return. On August 27, 2015, appellant had given a Lancaster address, which should have been considered his last known address.

{¶33} Herein, appellant makes no specific argument of actual prejudice resulting from the delay between the alleged crimes and the issuance of the indictment, and between the issuance of the indictment and his service of summons and arrest. However, this record regarding the delay is completely undeveloped. We note that at arraignment, appellant expressed confusion and asked about the lengthy delay. However, the trial court advised him not to speak in court and to retain an attorney.

{¶34} This record is devoid of any evidence that appellant himself caused the delay in serving the warrant. This record provides us with no basis upon which to find justification for the delay when the State's attempts at executing the warrant consisted of one attempt at an address where the appellant had been told to vacate. " 'Reasonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address.' " *State v. Berry,* 2021-Ohio-2588, at ¶ 45 (8th Dist.), quoting *Sizemore,* 6 Ohio St.3d at 332. It requires the "use [of] common and readily available sources" in searching for a defendant. *Id.*

{¶35} The principle that reasonable diligence necessarily includes the use of common and readily available sources was recognized as far back as 2001, wherein the appellate court in *State v. McGhee,* 2001 WL 704436, *2

(5th Dist.) observed: "A twenty-first century definition of 'reasonable diligence' * * * must naturally reflect the advancing availability of telecommunications and information technology for this task." Even a cursory review of the underlying paperwork in this matter would have yielded appellant's last known address in Lancaster, Ohio. Certainly, it does not appear that the use of available internet search technology occurred.

## Conclusion

{¶36} Under the circumstances of this case, there does not seem to be a tactical or strategic reason for counsel's not filing a motion to dismiss based on the expiration of the statutory time for prosecuting appellant's offenses. The State bears the burden to show a prosecution is timely commenced, and our review of the record before us shows there is a reasonable probability that the State may not be able to sustain its burden of showing that it exercised reasonable diligence in executing process of the indictment upon appellant and that he "purposely avoided" prosecution. Nothing in this undeveloped record suggests that appellant purposely avoided law enforcement or otherwise avoided prosecution.

{¶37} Although our review of the record reflects that appellant's counsel zealously represented appellant during the criminal trial, we must apply R.C. 2901.13 as it is written. *See Hawkins*, at ¶ 30. Thus, we are

compelled to conclude that counsel's performance fell below an objective standard of reasonable representation and there is a reasonable probability that the outcome of this case would have been different if counsel had filed a motion to dismiss based on the statute of limitations. *Accord State v. Berry,* 2018-Ohio-4855, (8th Dist.), and *State v. Hawkins*, *supra*, both matters wherein the Eighth District sustained ineffective assistance of counsel claims where trial counsel failed to file a motion to dismiss based upon expiration of the statutory time for prosecuting defendant's offenses. This argument within the first assignment of error is sustained. All other arguments therein and the remaining assignments of error are hereby rendered moot.

{¶38} The judgment of the Meigs County Court of Common Pleas is reversed. Pursuant to Article IV, Section (3)(B)(2) of the Ohio Constitution and R.C. 2953.07, the convictions and sentence are vacated. This case is remanded to the trial court to allow appellant the opportunity to file a motion to dismiss and present evidence for his claim of untimely prosecution based on R.C. 2901.13.

**JUDGMENT REVERSED.**

[Cite as *State v. Akers*, 2025-Ohio-5409.]

# JUDGMENT ENTRY

It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and costs be assessed to appellee.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
Jason P. Smith, Presiding Judge

_____
Michael D. Hess, Judge

_____
Kristy S. Wilkin, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**