[Cite as *State v. Washington*, 2026-Ohio-740.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO, :

    Plaintiff-Appellee, :

                             No. 115266

    v. :

ERIC WASHINGTON, :

    Defendant-Appellant. :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 5, 2026

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-590774-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Sarah Denney, Assistant Prosecuting Attorneys, and Arwa Elmashae, Legal Intern, *for appellee*.

Charles Ruiz-Bueno Co., L.P.A. and J. Charles Ruiz-Bueno, *for appellant*.

LISA B. FORBES, P.J.:

{¶ 1} Eric Washington ("Washington") appeals his convictions for two counts of rape, one count of kidnapping, and firearm specifications related to each of the preceding offenses. After a thorough review of the facts and the law, we affirm.

## I. Facts and Procedural History

{¶ 2} This case arises from the kidnapping and rape of C.L. in 1995. On January 10, 1995, when C.L. was 12 years old, a man unknown to her approached her while she was waiting for a school bus. The man held a gun to C.L.'s side and pushed her into a nearby van. After a drive, the man removed C.L. from the van and took her into an apartment building. The man penetrated C.L. vaginally and anally, then released her. C.L. was taken to a hospital, where a nurse collected DNA swabs for a rape kit. C.L. was unable to identify her assailant in interviews with law enforcement.

{¶ 3} On October 30, 2014, the State indicted "John Doe #65" for Count 1, rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b); Count 2, rape, a first-degree felony, in violation of R.C. 2907.02(A)(1)(b); and Count 3, kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4). Alleged in each of Counts 1, 2, and 3 were one- and three-year firearm specifications under R.C. 2941.141(A) and 2941.145(A), respectively.

{¶ 4} In 2023, an employee of the Cuyahoga County Prosecutor Office's Cold Case Unit reviewed this matter. After a subsequent investigation, on November 3, 2023, the State moved to amend the defendant's name in the indictment from "John Doe #65" to "Eric Washington." On November 6, 2023, the court issued a journal entry granting the motion.

{¶ 5} A capias was issued on November 13, 2023, after which Washington was taken into custody.

{¶ 6} On April 9, 2025, this case proceeded to a bench trial. On April 15, 2025, the court found Washington guilty on all counts and specifications.

{¶ 7} On May 21, 2025, the court held a sentencing hearing. The court sentenced Washington to life in prison with the possibility of parole after 70 years. The court classified Washington as a Tier III sex offender and informed him of his registration obligations.

{¶ 8} Washington appeals, raising the following assignment of error:

> The State of Ohio failed to identify Defendant-Appellant in a proper indictment until November 3, 2023, which was outside the Statute of Limitation for the applicable crimes that occurred on January 10, 1995, thereby making the case a nullity.

## II. Law and Analysis

{¶ 9} R.C. 2901.13 sets out limitations periods for criminal offenses and bars a prosecution that is not commenced within the applicable limitations period. In 2014, at the time the State filed the John Doe indictment in this case, the limitations period for rape was 20 years. R.C. 2901.13(A)(3)(a) (effective June 20, 2014).[1] At that same time, the limitations period for kidnapping was also 20 years. *Id.*

{¶ 10} The statute of limitations may be tolled in certain circumstances. "If reasonable diligence was used by law enforcement in its attempt to identify a defendant, and all attempts have failed, a John Doe-DNA indictment or warrant can

---

[1] The limitations period for rape is now 25 years. R.C. 2901.13(A)(4). *See* 2015 Am.Sub.H.B. No. 6. Additional provisions were included to specifically address potential extensions of that limitations period where DNA has been collected from a perpetrator who has not been identified. R.C. 2901.13(D), (L).

toll the statute of limitations." *State v. Young*, 2017-Ohio-7162, ¶ 20 (8th Dist.), citing *State v. Gulley*, 2015-Ohio-3582, ¶ 15 (8th Dist.). "[W]hat constitutes reasonable diligence will depend on the facts and circumstances of each particular case." *Id.*, citing *Sizemore v. Smith*, 6 Ohio St.3d 330, 332 (1983).

{¶ 11} Though the State has the burden of demonstrating that law enforcement acted with "reasonable diligence," it is the defendant's burden to raise a statute-of-limitations defense. "Once a defendant raises the issue that the statute of limitations has expired, the burden shifts to the state to show that it exercised reasonable diligence to execute process and therefore the statutory time is tolled." *State v. Hawkins*, 2019-Ohio-5133, ¶ 16 (8th Dist.). *See State v. Climaco*, 85 Ohio St.3d 582, 587 (1997) ("[T]he state bears the burden of proving that the offense was committed within the appropriate statute of limitations.").

{¶ 12} "[T]o challenge a charge on statute of limitations grounds, the defendant must file a motion to dismiss prior to trial." *State v. Bolton*, 2017-Ohio-7062, ¶ 12 (8th Dist.), citing *State v. Grant*, 2004-Ohio-2810 (12th Dist.); *State v. Jackson*, 2009-Ohio-1773 (2d Dist.); and *State v. Shipley*, 2004-Ohio-434 (9th Dist.). "[F]ailure to file such a motion waives the statute of limitations defense." *Id.*, citing *Grant*, *Jackson*, and *Shipley*.

{¶ 13} We note also that "[a] party cannot raise new issues or arguments for the first time on appeal; failure to raise an issue before the trial court results in a waiver of that issue for appellate purposes." *State v. Smith*, 2020-Ohio-1026, ¶ 13 (8th Dist.). Arguments first raised on appeal are "generally barred and a reviewing

court will not consider issues that the appellant failed to raise in the trial court." *State v. Dorroh*, 2021-Ohio-12, ¶ 39 (8th Dist.), citing *Cawley JV, L.L.C. v. Wall St. Recycling L.L.C.*, 2015-Ohio-1846, ¶ 17 (8th Dist.); *see also Dolan v. Dolan*, 2002-Ohio-2440, ¶ 7 (11th Dist.).

{¶ 14} Washington did not raise the statute of limitations as a defense before the trial court. Washington asserts for the first time on appeal that the State did not commence its prosecution within the applicable limitations period because it failed to act with reasonable diligence to identify a defendant in this case. Consequently, Washington waived his statute-of-limitations defense, and the State had no burden at trial to demonstrate that law enforcement acted with reasonable diligence to toll the statute of limitations. Given the foregoing, we make no findings as to whether law enforcement acted with reasonable diligence to identify a defendant regarding the offenses committed against C.L., and we make no determination as to whether the John Doe-DNA indictment in this case tolled the statute of limitations.

{¶ 15} Accordingly, Washington's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
EILEEN A. GALLAGHER, J., CONCUR