REYNOLDS et al. Appellees,

v.

BUDZIK, Chief, Appellant.

[Cite as *Reynolds v. Budzik* (1999), 134 Ohio App.3d 844.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–99–048.

Decided Dec. 3, 1999.

*Jeffrey C. Zilba,* for appellees.

*Betty D. Montgomery,* Attorney General, *Joan C. Weiser* and *Eva M. Brault,* Assistant Attorneys General, for appellant.

HANDWORK, Presiding Judge.

This is an accelerated appeal from a judgment of the Erie County Court of Common Pleas which granted summary judgment to appellees, Frank Reynolds and Dean Koch. For the reasons stated herein, this court affirms the judgment of the trial court.

Appellant, Michael Budzik, Chief, Division of Wildlife, Ohio Department of Natural Resources ("Division"), sets forth the following assignments of error:

*"ASSIGNMENTS OF ERROR*

"A. The trial court erred in holding that Ohio Admin. Code 1501:31–3–01, 1501:31–3–02 and 1501:31–3–04 are invalid.

"1. The trial court erred in refusing to hold that the Division of Wildlife has authority to adopt rules that regulate commercial fishing.

"2. The trial court erred in refusing to apply the presumption that the rules are valid.

"3. The trial court erred in deciding issues not presented by the parties.

"4. The trial court erred in considering evidence which it gathered independently."

■■ The following facts are relevant to this appeal. On April 15, 1998, appellees filed a declaratory judgment action seeking a determination of the validity of three administrative rules that regulate commercial fishing.[1] In their complaints,[2] appellees alleged that they are commercial fishermen licensed by the Division to fish the waters of Lake Erie; that the Ohio General Assembly passed Am.Sub.S.B. No. 182 ("Bill 182"), effective October 20, 1994, which, in relevant part, addressed the rule-making authority of appellant in regard to commercial fishing; and that the three rules promulgated by appellant either expired and/or were unenforceable. The parties filed cross-motions for summary judgment. On May 17, 1999, the trial court granted summary judgment to appellees and denied summary judgment to appellant, basing its reasoning in part on this court's opinion in *State v. Reynolds* (Jan. 16, 1998), Ottawa App. No. OT–97–022, unreported, 1998 WL 15633.[3]

In *Reynolds, supra,* this court held that, because of Bill 182 and the resulting changes to R.C. 1501.10, Reynolds had been charged with violating Ohio Adm. Code 1501:31–3–02(E) after it had expired. The pertinent portion of Bill 182 states:

"SECTION 4. Any rule adopted or order issued by the Chief of the Division of Wildlife in the Department of Natural Resources under Chapter 1531. or 1533. of the Revised Code for the purpose of regulating the taking of commercial fish, as defined in section 1531.01 of the Revised Code, that is in effect on the effective

---

1. The three rules are the Season Rule, Ohio Adm.Code 1501:31–3–01; the Length Rule, Ohio Adm.Code 1501:31–3–02; and the Place and Time Rule, Ohio Adm.Code 1501:31–3–04.

2. Appellees filed an original and two amended complaints.

3. In his brief, appellant argues that this court should reverse the trial court because it erred in deciding issues not presented by the parties. It has long been the law in Ohio that "where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine* (1944), 144 Ohio St. 275, 284, 29 O.O. 426, 430, 58 N.E.2d 658, 663. See, also, *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306, 309; *Cook v. Cincinnati* (1995), 103 Ohio App.3d 80, 658 N.E.2d 814. Thus, when a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial. *Newcomb v. Dredge* (1957), 105 Ohio App. 417, 424, 6 O.O.2d 178, 181–182, 152 N.E.2d 801, 806–807; *State v. Payton* (1997), 124 Ohio App.3d 552, 557, 706 N.E.2d 842, 845–846. See, also, 5 Ohio Jurisprudence 3d, Appellate Review, Section 683, which states, "A reviewing court may look into the record and if the judgment being reviewed on appeal is right for any reason, it is the duty of the reviewing court to affirm it, as is graphically shown by holdings on a wide variety of situations."

date of this act *shall remain in effect for not more than five years from the date of the original effective date* of the rule *regardless of whether the rule or order subsequently is amended or modified,* except that any such rule that expires on the effective date of this act shall continue in effect for one year after that effective date." (Emphasis added.) 145 Ohio Laws, Part II, 2082.

Consistent with Section 4, Bill 182 also amended R.C. 1531.09 and 1531.10. Effective October 20, 1994, R.C. 1531.10 states in relevant part:

"In accordance with Chapter 119. of the Revised Code, the chief of the division of wildlife shall adopt, and may amend and rescind, rules that are necessary for the administration and enforcement of this chapter and Chapter 1533. of the Revised Code. * * *

"Any rule adopted by the chief under this section for the purpose of regulating the taking of commercial fish *shall remain in effect for not more than five years after the date of adoption regardless of whether the rule subsequently is amended* under this section." (Emphasis added.)

Prior to the 1994 amendment to R.C. 1531.10, non-emergency rules promulgated by appellant pursuant to R.C. Chapter 119 did not have time limits unless expressly stated therein. See *State v. Koch* (Jan. 13, 1995), Erie App. No. E–94–24, unreported, 1995 WL 12144. The 1994 amendment expressly mandated an expiration date for rules promulgated by appellant.

■ In his brief, appellant argues that the Division rescinded the commercial fishing rules in early 1998, and adopted new rules. However, appellant's assertion that the Division adopted "new rules" overlooks R.C. 1.54, dealing with continuation of prior statutes, which states:

"A statute which is *reenacted* or amended is intended to be a continuation of the prior statute and *not a new enactment,* so far as it is the *same as the prior statute.*" (Emphasis added.) See *State ex rel. Taylor v. Cowen* (1917), 96 Ohio St. 277, 282, 117 N.E. 238, 239, in which the Ohio Supreme Court stated: "In the construction of legislation of this character the legal principle has become well established that when the amendatory or reenacted law substantially reenacts the existing law, the latter is held to be in effect continuous and undisturbed, and in contemplation of law the amendatory measure is not a repeal but merely a reaffirmance of the former law. *In re Allen,* 91 Ohio St., 315 [110 N.E. 535 (1915)], and *In re Hesse,* 93 Ohio St., 230 [112 N.E. 511 (1915)]." See, also, Annotation, Effect of Simultaneous Repeal and Re-enactment of All, or Part, of Legislative Act, (1961), 77 A.L.R.2d 336, 341, 1961 WL 12926. Although these citations concern statutes, this court can discern no reason not to apply the same principles to agency rules. Thus, when appellant rescinded and then readopted the exact same rules, the rules were not *new* rules but, rather, continuations of

the prior rules in violation of Section 4, Bill 182 and amended R.C. 1531.10. Therefore, the trial court did not err in finding that the three rules at issue had expired.

Accordingly, appellant's assignments of error are found not well taken.

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

*Judgment affirmed.*

SHERCK and PIETRYKOWSKI, JJ., concur.