JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Russell W. Misseldine, appeals the decision of the Cuyahoga County Common Pleas Court that granted summary judgment to defendant-appellee, American Guarantee and Liability Insurance Company ("American Guarantee"), on the latter's counterclaim for declaratory judgment and appellant's complaint for damages. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that appellant and non-party Eric Wong were involved in a motor vehicle accident in October 1997 in Hawaii while appellant was a resident of that state. At the time of the accident, appellant was employed by Progressive Hawaii Insurance Corporation, a wholly-owned subsidiary of The Progressive Corporation. The latter maintained a commercial automobile policy issued by Progressive Max Insurance Company (Policy Number 8229 988-4)[1] and a commercial umbrella liability policy issued by American Guarantee (Policy Number AUO 8384648 02).
 {¶ 3} Appellant filed the within action against American Guarantee alleging that he was entitled to uninsured/underinsured motorists (UM/UIM) coverage under the umbrella policy pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660. American Guarantee counterclaimed for declaratory judgment and sought a declaration that it had no obligation to provide such coverage under the umbrella policy. Both parties filed cross-motions for summary judgment. American Guarantee argued that the substantive law of Hawaii governed the interpretation of the umbrella insurance policy in determining whether appellant was entitled to UM/UIM coverage. Appellant, in opposition, argued that Ohio had the more significant relationship to the transaction and the parties. American Guarantee also argued that appellant was not entitled to UM/UIM benefits because coverage under the underlying policy had not yet been exhausted. Appellant maintained that coverage was not "excess" but "umbrella" and, as such, UM/UIM coverage was available as a matter of law.
 {¶ 4} Relying on Ohayon v. Safeco Ins. Co. of Illinois (2001),91 Ohio St.3d 474, the trial court found Ohio substantive law applicable. It, nonetheless, concluded that appellant was not entitled to UM/UIM coverage because he did not first exhaust the coverage limits available in the underlying policy.
 {¶ 5} Appellant is now before this court and assigns seven errors for our review, all of which essentially challenge the trial court's decision granting summary judgment to American Guarantee and denying similar relief to appellant. They will, therefore, be discussed together.
 {¶ 6} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivichv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
 {¶ 7} We find that the trial court did not err in granting summary judgment to American Guarantee, although for a reason different than that set forth by the trial court. See Reynolds v. Budzik (1999),134 Ohio App.3d 844, 846; Newcomb v. Dredge (1957), 105 Ohio App. 417,424. This court, in Misseldine v. Progressive Cas. Ins. Co., Cuyahoga App. No. 81770, 2003-Ohio-1359 ("Misseldine I"), had the opportunity to review a separate trial court order that denied appellant UM/UIM coverage under the underlying policy issued by Progressive Max Insurance Company. Appellant filed two separate lawsuits seeking UM/UIM coverage under each of the policies. Finding Hawaii law applicable, the Misseldine I court found that appellant was not entitled to UM/UIM coverage because Hawaii law did not recognize Scott-Pontzer claims. This decision, in effect, determined that appellant was not an insured under the underlying policy according to Hawaii law.
 {¶ 8} The umbrella policy issued by American Guarantee is an excess policy to the commercial auto policy issued by Progressive Max. Under both Coverage A and B of the American Guarantee policy, the latter agrees "to pay on behalf of the insured for that portion of ultimate net loss in excess of the retained limit" because of either bodily injury, property damage or personal injury. The policy defines "ultimate net loss" as "the total amount of damages for which the insured is legally liable in payment of bodily injury, property damage, [or] personal injury * * *." "Retained limit" is defined as the greater of the "sum of amounts applicable to any claim or suit *** from underlying insurance * * *." "Underlying insurance" is defined as "the coverage(s) afforded under insurance policies in the Schedule of Underlying Insurance and any renewals or replacements of those policies." The Schedule of Underlying Insurance, referred to as Form U-UMX-103-A CW, lists the commercial auto policy issued by Progressive Max.
 {¶ 9} Thus, contrary to appellant's argument, entitlement to coverage under the umbrella policy is dependent upon being entitled to coverage under the underlying policy. Because Misseldine I determined that appellant was not entitled to coverage under the underlying policy, appellant cannot be entitled to coverage under the umbrella policy. There being no genuine issue of material fact as to coverage under the underlying policy, it was not error for the trial court to find that appellant was not entitled to UM/UIM coverage under the commercial umbrella liability policy as well.
 {¶ 10} Appellant's assignments of error are not well taken and are overruled.
Judgment affirmed.
JAMES J. SWEENEY, P.J., AND ANTHONY O. CALABRESE, JR., J., CONCUR
[1] It appears from the record that appellant filed a separate civil action seeking entitlement to UM/UIM coverage under this policy. Captioned Misseldine v. Progressive Casualty Insurance Company, the case was assigned common pleas case number CV-392742 and, on appeal to this court, case number 81770. The decision of this court was announced on March 20, 2003 and we discuss its effect infra.