OPINION
{¶ 1} This case is before us on the State's appeal of a trial court decision granting the Defendant's motion to suppress. In a single assignment of error, the State contends that the trial court erred by suppressing crack cocaine found in Defendant's cigarette pack during a lawful pat-down search.
 {¶ 2} Defendant, Arthur Holley, Jr., was indicted in October, 2003, for possession of crack cocaine in an amount less than five grams. The charge against Holley arose from a domestic dispute that occurred on August 18, 2003. During that day, Deputy Curtis Laravie of the Montgomery County Sheriff's Office received a dispatch involving an argument between a man and a woman at the corner of Main Street and Nottingham Road in Harrison Township, Ohio. Laravie responded to that area in his cruiser and observed a male (Holley), and a female (Nicole Jackson) engaged in a heated exchange in the parking lot of a Round-Up Restaurant.
 {¶ 3} When Laravie approached, Holley and Jackson were standing less than a foot apart and yelling loudly at each other. Although Laravie asked them several times to step apart and stop yelling, they ignored him and continued to argue. At that point, Laravie decided intervention was necessary and escorted Holley to the cruiser. Laravie testified that he wished to separate the couple to assess the situation, and to do so, he needed to place Holley in the cruiser. Laravie then conducted a pat-down to ensure Holley was unarmed prior to placing him in the cruiser.
 {¶ 4} During the pat-down, Holley's hands remained in the pockets of his shorts. Laravie asked Holley to remove his hands from his pockets several times. Upon doing so, Holley held a cigarette pack. Laravie testified that he feared Holley could be concealing a weapon or contraband in the cigarette pack. In particular, Laravie mentioned the possibility of a razor blade or small caliber gun. After looking inside the hard-top pack, Laravie noticed a small bag containing a substance he identified as marijuana. Holley was then placed in the cruiser, and cocaine was also found in the cigarette pack upon further investigation.
 {¶ 5} Based on the above facts, the trial court concluded, pursuant to our opinion State v. Phillips, 155 Ohio App.3d 149,2003-Ohio-5742, that the pat-down of Holley was not reasonable under the Fourth Amendment. As a result, the court granted Holley's motion to suppress.
 {¶ 6} In reviewing suppression decisions, we accept the trial court's findings of fact if supported by competent, credible evidence. We then decide, de novo, if the court's conclusions of law, based on the findings of fact, are correct. State v.Mackey, (2001), 141 Ohio App.3d 604, 609. https://web2.westlaw.com/find/default.wl?DB=578Serial Num=2001260959=Y==WLW4.06=2.0=_top=Split=OhioAfter careful review of the record, trial court decision, and the applicable law, we find the assignment of error without merit. Accordingly, the trial court judgment will be affirmed.
 {¶ 7} The State argues, initially, that the trial court improperly relied on Phillips. The Phillips court held that an officer lacked reasonable suspicion that a defendant was armed and dangerous. 2003-Ohio-5472 at ¶ 36. In Phillips, the suspect was stopped for a minor traffic violation and was polite and cooperative with the police officer. Id. at ¶ 26-27. The suspect was wearing thin nylon jogging pants which contained items that made his pockets bulge. Id. at ¶ 30. We held that the officer had not articulated a reason to believe Phillips was possibly armed and dangerous. Id. at ¶ 36. As a result, we held the officer could not justifiably conduct a frisk. Id. This holding was consistent with the standard established in Terry, that unjustified frisks are unlawful. Terry v. Ohio (1968),392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L. Ed 2d 889. http://web2.westlaw.com/find/default.wl?DB=708Serial Num=1968131212=Y==WLW4.06=2.0=_top=Split=Ohio The State argues that the Phillips court relied upon certain facts to determine whether a frisk was justified, facts which are not present in the case at bar. On this issue of inapplicability of Phillips this court disagrees. The facts relied upon inPhillips were relevant in determining the validity of a frisk incident to a Terry stop. However, we do agree with the State's second point, that Phillips is inapplicable because the pat-down involved was not incident to a Terry stop. Specifically, the State argues that the pat-down in the instant case was incident to Laravie placing Holley in the cruiser. Therefore, the State argues that the trial court should have determined if Laravie was justified in conducting a pat-down before placing Holley in his cruiser, not by considering the relevant facts articulated in Phillips. While we agree that the trial court incorrectly relied on Phillips, that does not preclude us from finding that the trial court's decision was correct. "An appellate court shall affirm a trial court's judgement if it is legally correct on other grounds, that is, it achieves the right result for the wrong reason, because such an error is not prejudicial." Reynolds v. Budzik (1999),134 Ohio App.3d 844, 846. https://web2.westlaw.com/find/default.wl?DB=578Serial Num=1999267754=Y==WLW4.06=2.0=_top=Split=Ohio
 {¶ 8} In State v. Lozada, 92 Ohio St.3d 74, 2001-Ohio-149, the Ohio Supreme Court held that it is reasonable to place an individual in a patrol car if doing so would prevent the officer or individual from being subjected to a dangerous condition. As a result, if the officer has a lawful reason for placing the individual in his or her patrol car, then a pat-down prior to doing so is also lawful. 92 Ohio St.3d at 79. In Lozada, the court found that placing an individual in a patrol car is unlawful if convenience is the only justification. Id. at 80. In the case before us, Laravie testified that he was placing Holley in the cruiser so that he could separate him from Jackson. Considering that Holley and Jackson were engaged in a heated argument and failed to comply with Laravie's requests to stop, Laravie reasonably concluded that separating them was necessary. While Laravie may have been able to separate Holley and Jackson without placing Holley in the cruiser car, doing so would have increased the likelihood that the couple would continue to argue. Furthermore, although Laravie only observed the dispute, he had no way of knowing if the confrontation might become violent. Therefore, Laravie's decision to place Holley in the cruiser was justified by the likelihood that a dangerous situation might quickly escalate. As a result, Laravie's pat-down of Holley was also lawful.
 {¶ 9} Although the pat-down was lawful, the frisk exceeded the scope of an appropriate frisk and thus constituted an unjustified search. In State v. Evans, 67 Oho St.3d 405 the Ohio Supreme Court discussed the permissible scope of a Terry
pat down search. The Evans Court stated as follows:
 {¶ 10} "The protective pat down under Terry is limited in scope to its protective purpose and cannot be employed by the searching officer to search for evidence of crime. Obviously, once the officer determines from his sense of touch that an object is not a weapon, the pat down frisk must stop. The officer, having satisfied himself or herself that the suspect has no weapon, is not justified in employing Terry as a pretext for a search for contraband" 67 Ohio St.3d at 414
https://web2.westlaw.com/find/default.wl?DB=578Serial Num=2001260959=Y==WLW4.06=2.0=_top=Split=Ohio.
 {¶ 11} In the present case, Holley pulled a hard-top cigarette pack from his shorts pocket. When Laravie saw the cigarette pack, he could only act within the boundaries established for a pat-down under Terry. Laravie testified that he thought the pack might contain a small weapon and opened it to eliminate the possibility. However, Laravie could have felt the pack to determine if a small gun was inside. Laravie also could have determined the likelihood of a concealed gun by simply feeling the weight of the pack in his hand However, Laravie was not justified in opening the pack on the basis that it could contain a razor. As the Evans court held, a razor blade, being extremely small and flexible, could be concealed anywhere. As the court noted, "something of the size and flexibility of a razor blade could be concealed virtually anywhere, and accordingly provide the pretext for any search however thorough. Such a police procedure would, therefore, be impermissible under Terry* * *." Id. Laravie could have determined whether the pack contained weapons by feeling it because of its small size and density, and was not justified in opening it. Because Laravie violated the standards established for a pat-down in Terry, the evidence collected as a result was properly suppressed.
 {¶ 12} In view of the preceding discussion, the State's single assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
Wolff, J., concurs.
Fain, P.J., concurs in judgment only.