[Cite as *State v. Dues*, 2017-Ohio-6983.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105388**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERAEL DUES

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-565262-A

**BEFORE:** McCormack, P.J., Laster Mays, J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 27, 2017

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Bldg., Suite 1016
Cleveland, OH 44113-2098


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, P.J.:

{¶1} Defendant-appellant Jerael U. Dues was convicted in 2013 for multiple counts of drug offenses. This court affirmed his convictions in *State v. Dues*, 2014-Ohio-5276, 24 N.E.3d 751 (8th Dist.), *appeal not accepted*, 142 Ohio St.3d 1518, 2015-Ohio-2341, 1607, 33 N.E.3d 66 (2015). In 2016, Dues filed a motion at the trial court for leave to file a motion for a new trial. The trial court denied leave for the motion. After a review of the record and applicable law, we affirm the trial court's judgment.

**Background**

{¶2} The facts pertinent to the issue raised in the instant appeal were described in our opinion in Dues's direct appeal as follows:

> On July 19, 2012, three members of the Cuyahoga County Sheriff's Impact Unit, along with Detective Darren Porter from the Richmond Heights Police Department, went to Dues's apartment in Richmond Heights. The apartment was on the third floor of the Richmond Park Apartments. The officers were there to execute a warrant for the arrest of Dues relating to a misdemeanor assault charge.
>
> Upon arrival, the officers heard loud music and people talking inside the apartment. They knocked on the door and identified themselves as police officers. The music was turned down and someone looked out from the door's peephole. The officers heard people running around and dishes clanging together. Detective Brian Nolan started to bang on the door and again announced the presence of the police. Hearing the commotion, a resident from the next unit came out. Because the apartments have adjacent balconies, Detective Scott Vargo asked for permission to go to the neighbor's balcony to observe Dues's apartment. The neighbor gave Detective Vargo consent to enter her apartment.

As soon as Det. Vargo went to the neighbor's balcony, he saw a male, later identified to be [Dues's codefendant Deaunte Bullitt], throwing a box off Dues's balcony. Bullitt then grabbed the rail with both hands and looked down at the rail. Unsure if Bullitt was going to jump, Det. Vargo ordered Bullitt to lay down on the balcony and yelled to the other officers that a male was throwing items off Dues's balcony. The other three officers then quickly forced their way into Dues's apartment. They found Dues sitting on the couch in the living room. Sgt. Scott Hirko ran to the balcony area and arrested Bullitt, and Det. Porter took Dues into custody as well.

Det. Porter then searched the ground below Dues's balcony and found a bag of drugs inside a "GoodSense" sandwich bag box, which later tested to be approximately 100 grams of crack cocaine. Det. Porter also found, 30 feet away, a bag with a large amount of cash, later determined to be $22,000.

*Dues* at ¶ 3-6.

**{¶3}** Dues was subsequently convicted of six counts of drug-related and other offenses: trafficking and possessing over 100 grams of cocaine, each with a major drug offender specification, trafficking and possessing between five and ten grams of heroin, possession of criminal tools, and endangering children. He was sentenced to 11 years in prison.

**Purported Newly Discovered Evidence**

**{¶4}** After his convictions were affirmed by this court in 2014 and the Supreme Court of Ohio declined to review this court's decision in 2015, Dues obtained new counsel and, on July 15, 2016, counsel filed a "Motion for Leave to File a Motion for New Trial Based on Newly Discovered Evidence."

**{¶5}** Dues's new counsel alleged he recently obtained a copy of the arrest warrant issued by the Lyndhurst Municipal Court that led the police to Dues's apartment

on July 19, 2012, and his review of the warrant showed it was invalid. Dues's counsel claimed the warrant was invalid because the criminal complaint on which the arrest warrant was based stated merely that Dues "did knowingly cause or attempt to cause physical harm" to a Christopher Kovacic without any additional facts to show that there was a probable cause to believe that an offense had been committed.

{¶6} The state filed a written opposition to Dues's motion. The state opposed his motion on the ground that Dues failed to meet his burden to show, by clear and convincing evidence, that he was unavoidably prevented from discovering the alleged new evidence.

{¶7} The state argued that Dues had been aware of the arrest warrant. Before trial, the state had provided in discovery the police reports that showed that the officers went to Dues's apartment to execute an arrest warrant for assault. Dues filed a motion to suppress evidence, and the motion specifically referenced the arrest warrant. At the suppression hearing, Dues's counsel mentioned the arrest warrant for assault several times and Det. Vargo testified that he executed the arrest warrant on Dues on the day the officers discovered drugs in his apartment. Dues's trial counsel had in fact stipulated before trial that the arrest warrant was valid.

{¶8} The trial court denied Dues's motion for leave to file a motion for a new trial without a hearing. On appeal, Dues raises two assignments of error, which we discuss jointly. They state:

1. Defendant was denied due process of law when the court overruled defendant's motion for leave to file a motion for a new trial based on newly discovered evidence.

2. Defendant was denied due process of law when his motion for leave to

file a motion for a new trial was denied without an evidentiary hearing.

**Analysis**

**{¶9}** Crim.R. 33 sets forth grounds upon which a new trial may be granted. One of the grounds for a new trial is "[w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). To warrant the granting of a motion for a new trial on the ground of newly discovered evidence, it must be shown that

> the new evidence (1) discloses a strong probability that it will change the result of a new trial if granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence.

*State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947), syllabus. The trial court's decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within its sound discretion and we will not disturb that decision absent an abuse of discretion. *State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993).

**{¶10}** In this case, however, we do not reach the question of whether a new trial should be granted based on the purportedly newly discovered evidence, because Dues did not file a motion for new trial within the time prescribed by Crim.R. 33. Under Crim.R.

33(B), a motion for a new trial on account of newly discovered evidence must be filed within 120 days after the verdict. Crim.R. 33(B). If the 120-day time period has expired, as here, the defendant must first seek leave of the trial court to file a delayed motion for a new trial. *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999).

**{¶11}** To obtain leave, Crim.R. 33(B) requires that the defendant must demonstrate by clear and convincing evidence that he was unavoidably prevented from discovering the new evidence within the 120-day time period. *Id.* at 79. A trial court's decision to grant or deny a motion for leave to file a delayed motion for a new trial is also reviewed for an abuse of discretion. *State v. Washington*, 8th Dist. Cuyahoga No. 103875, 2016-Ohio-5329, ¶ 16. "'[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion and could not have learned of that existence within the time prescribed for filing the motion in the exercise of reasonable diligence.'" *State v. Brown*, 8th Dist. Cuyahoga No. 95253, 2011-Ohio-1080, ¶ 13, quoting *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist. 1984).

**{¶12}** The decision whether to hold an evidentiary hearing on a defendant's request for leave to file a delayed motion for new trial falls within the sound discretion of the trial court as well. *State v. Hill*, 8th Dist. Cuyahoga No. 102083, 2015-Ohio-1652, ¶ 16, citing *State v. McConnell*, 170 Ohio App.3d 800, 2007-Ohio-1181, 869 N.E.2d 77, ¶ 19 (2d Dist.). A defendant is only entitled to a hearing if he submits documents that on their face support the claim of being unavoidably prevented from timely discovering the

new evidence. *McConnell* at ¶ 19. *See also State v. Ambartsoumov*, 10th Dist. Franklin Nos. 12AP-878 and 12AP-877, 2013-Ohio-3011, ¶ 13 (leave may be summarily denied where neither the motion nor its supporting affidavits embody prima facie evidence of unavoidable delay).

{¶13} Before the trial court and on appeal, Dues has focused on his contention that the arrest warrant was invalid. He does not explain why the alleged invalidity of the arrest warrant would change the outcome of the trial in light of the fact — as recounted by this court in our opinion in his direct appeal — that the police officers entered the apartment after they had announced the officers' presence, heard commotions inside the apartment, and then saw a male throw a box off Dues's balcony and appear to be ready to jump off the balcony.

{¶14} More importantly, Dues does not set forth any reasons, before the trial court or here on appeal, why the arrest warrant should be considered "new evidence" and why he was unavoidably prevented from discovering it within 120 days of the verdict, when the record before us reflects his trial counsel was well aware of the existence of the arrest warrant. The trial court did not abuse its discretion in denying leave for a motion for a new trial without holding a hearing.

{¶15} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
LARRY A. JONES, SR., J., CONCUR