[Cite as *State v. Rodano*, 2017-Ohio-8221.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104176**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DALE RODANO

DEFENDANT-APPELLANT

---

**JUDGMENT:**
APPLICATION DENIED

---

Cuyahoga County Court of Common Pleas
Case No. CR-14-590106-A
Application for Reopening
Motion No. 506813

**RELEASE DATE:**   October 17, 2017

**FOR APPELLANT**

Dale Rodano, pro se
Inmate No. A681407
Richland Correctional Institution
1001 Olivesburg Road
P.O. Box 8107
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Mary M. Dyczek
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

TIM McCORMACK, P.J.:

{¶1} On May 3, 2017, the applicant, Dale Rodano, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. Rodano,* 8th Dist. Cuyahoga No. 104176, 2017-Ohio-1034, in which this court affirmed Rodano's convictions for three counts of aggravated arson and one count of insurance fraud. Rodano asserts that his appellate counsel should have argued (1) that his trial counsel was ineffective for failing to pursue a motion to dismiss the indictments because they were obtained through false evidence in violation of his constitutional rights, and (2) that his rights under the Confrontation Clause were violated. The state of Ohio filed its brief in opposition on June 2, 2017, and Rodano filed a reply brief on June 14, 2017. For the following reasons, this court denies the application.

{¶2} In November 2013, five weeks after Rodano had obtained fire insurance on his house, a fire erupted in the house around 2:00 p.m. Rodano claimed the fire started when a pet knocked over a candle on a living room table. Initially, Joanna Lambert, the investigating agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), opined in her report that the fire was incendiary. The state fire marshall investigated the fire and reached the same conclusion. In October 2014, the grand jury indicted Rodano on four counts of aggravated arson and one count of insurance fraud.

{¶3} While preparing for trial, the ATF agent reviewed her report and the evidence and revised her conclusion from incendiary to undetermined. She had originally thought

that the fire started outside on the porch, but then concluded that the fire could have started with a candle by a couch. The location of the remains of the candle was not documented. She did not know whether the candle was within the footprint of the couch or outside of it, which would have been strong evidence of arson or accident. Faced with this uncertainty, she opined the cause as undetermined.

{¶4} At trial, Rodano's brother, his ex-girlfriend, and an estranged friend testified that Rodano had made incriminating statements about torching his home to obtain the insurance money. The ATF agent testified at length about her report. The state fire marshall did not testify, and the trial judge granted defense counsel's motion in limine concerning the fire marshall's report. The jury found Rodano guilty of three counts of aggravated arson and one count of insurance fraud.[1] The judge imposed a six-year sentence.

{¶5} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989); and *State v. Reed*, 74 Ohio St.3d 534, 1996-Ohio-21, 660 N.E.2d 456.

{¶6} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting

---

[1]The state dismissed the fourth count of aggravated arson because it did not proffer any evidence regarding the purported victim.

for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689.

{¶7} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

**{¶8}** Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

**{¶9}** Rodano's first argument is that he was indicted on materially false evidence, that the fire was incendiary. He argues that when the ATF agent revised her report to conclude that the origin was undetermined, the foundation of the indictment was so undermined that it was no longer reliable and should have been dismissed.

**{¶10}** Rodano's appellate counsel did raise the issue, but raised it through the lens of Rodano's right to be indicted by an independent and unbiased grand jury. The gravamen of appellate counsel's argument was that the

> grand jurors were most certainly predisposed to indict after hearing that the state founded its case on the expert opinion of the ATF Agent Lambert that the cause of the * * * fire was "incendiary" * * *. Thus, it is clear that the improper information "substantially influenced the * * * grand jury's decision to indict." *Bank of Nova Scotia,* 487 U.S. at 256. [487 U.S. 250, 108 S.Ct. 2269, 101 L.Ed.2d 228 (1988)] * * * Allowing the indictment to stand under these circumstances mocks the entire grand jury process and would render the Fifth Amendment's Grand Jury clause a nullity. Accordingly, the Court should find that Appellant's convictions must be vacated and the * * * indictment dismissed without prejudice.

Appellant's br. 24-25.

{¶11} Rodano now argues that his appellate counsel bungled the argument by narrowing its focus too much.   He should have argued it through the lens of ineffective assistance of trial counsel for not pursuing a motion to dismiss.[2]   Appellate counsel's particular argument, Rodano implies, allowed this court to skirt around the issue, employ plain error analysis, and deny the assignment of error.

{¶12} However, that is not what the court ruled.   The court acknowledged that the grand jury did not have, could not have had, the benefit of the ATF agent's revised report.   Nevertheless,

> the prosecution's evidence was tested at trial, not in the grand jury proceeding. * * * At trial, Agent Lambert testified at great length before the jury regarding her change of opinion regarding the cause of the fire from "incendiary" to "undetermined."   Based on the record before us, we do not find the grand jury proceeding in this case fundamentally unfair resulting in prejudice to the defendant.   There is no reversible error, plain or otherwise, regarding the grand jury proceeding.

*Rodano*, 8th Dist. Cuyahoga No. 104176, 2017-Ohio-1034, at ¶ 28.

{¶13} Thus, Rodano has not established prejudice.   The court examined the irregularity and determined there was no error.   Reframing the issue would not have made a difference.   Moreover, this court will follow the Supreme Court's admonition and not second-guess counsel's decisions in strategy and tactics.

{¶14} Rodano's other argument is that he was deprived of his right to confront the state fire marshall whose report opined that the fire was incendiary.   However, the state

---

[2]Rodano's first trial counsel did file such a motion to dismiss, but the replacement counsel did not renew the motion or otherwise pursue it.

fire marshall did not testify. The report was not introduced into evidence, and the court granted the motion in limine regarding the report. The only reference to the fire marshall was the estranged friend's testimony that he told the fire marshall that Rodano mentioned a scenario that a Christmas tree could conveniently fall over and knock a candle over to collect the insurance. (Tr. 261-265.) This is the friend's testimony, and he was subject to cross-examination. The reference to the fire marshall does not implicate the Confrontation Clause, and appellate counsel was not ineffective for not raising the argument.

{¶15} The court denies the application to reopen.

_____

TIM McCORMACK, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
MELODY J. STEWART, J., CONCUR