[Cite as *State v. Bryan*, 2018-Ohio-1190.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105774**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## QUISI BRYAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-00-393660-ZA

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** March 29, 2018

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender
By: Kathryn Sandford
Assistant State Public Defender
250 East Broad Street, Suite 1400
Columbus, Ohio   43215


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By: Christopher D. Schroeder
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant Quisi Bryan appeals the trial court's denial of his motion for leave to file a motion for a new mitigation trial. Upon review, we affirm the trial court's decision because the motion for leave was untimely.

{¶2} After a jury trial, Bryan was found guilty of two counts of aggravated murder for the killing of a police officer, two counts of attempted murder of another individual, carrying a concealed weapon, having weapons while under disability, and tampering with evidence. The jury also found Bryan guilty of death penalty specifications and firearm specifications. Bryan was sentenced to death for the murder and to prison for the remaining offenses. His convictions and death sentence were affirmed in *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433.

{¶3} On January 11, 2017, Bryan filed a motion for leave to file a motion for a new mitigation trial that the state opposed. The trial court denied the motion. The trial court found that the motion "incorrectly proceeds under Crim.R. 33" instead of R.C. 2953.23 and also that the court was "bound to follow the Supreme Court of Ohio in *State v. Belton*, [149 Ohio St.3d,] 2016-Ohio-1581, [74 N.E.3d 319], which found Ohio's death penalty statute constitutional under *Hurst v. Florida*, 577 U.S. __, 136 S.Ct. 616[, 193 L.Ed.2d 504] (2016)." Further, the court recognized that the Supreme Court of Ohio had "unanimously denied [Bryan's] motion for order or relief on March 15, 2017[,]" which motion had raised the same issues.

{¶4} Bryan filed this appeal from the trial court's decision. He raises two assignments of error for our review.

{¶5} Under his first assignment of error, Bryan claims the trial court erred by denying his motion. He argues that the trial court incorrectly determined that his motion should have been filed under R.C. 2953.23 when his motion was brought pursuant to Crim.R. 33. We recognize that "Crim.R. 33 procedures for a new trial exist independently from the R.C. 2953.21 procedure for postconviction relief." *State v. Cashin*, 10th Dist. Franklin No. 17AP-338, 2017-Ohio-9289, ¶ 13. Although the trial court's determination was incorrect in this regard, we may affirm the decision of the court as long as it is legally correct on other grounds. *State v. Gulley*, 8th Dist. Cuyahoga No. 101527, 2015-Ohio-3582, ¶ 12, citing *State v. Payton*, 124 Ohio App.3d 552, 557, 706 N.E.2d 842 (12th Dist.1997); *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, 732 N.E.2d 485 (6th Dist.1999), fn. 3.

{¶6} The record reflects that Bryan filed his motion for leave to file a motion for a new mitigation trial pursuant to Crim.R. 33. He asserted grounds for a new trial under Crim.R. 33(A)(1), (4), and (5), and claimed that his sentence was imposed in violation of the Sixth and the Fourteenth Amendments of the United States Constitution, citing *Hurst*, 577 U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504. Although the state argues that Bryan's attempt to raise a new constitutional claim does not fall under any of the grounds for a new trial and does not allow for a "new sentencing proceeding," we need not reach these arguments herein.

{¶7} A defendant who fails to timely file a motion for a new trial must seek leave from the trial court to file a delayed motion for a new trial. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 10, citing *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999). To obtain leave, Crim.R. 33(B) requires that the defendant must show clear and convincing proof that he was unavoidably prevented from filing his motion for a new trial. "[A] party is unavoidably prevented from filing a motion for a new trial if the party had no knowledge of the existence of the ground supporting the motion * * * and could not have learned of the existence of that ground within the time prescribed for filing the motion * * * in the exercise of reasonable diligence." *State v. Walden*, 19 Ohio App.3d 141, 145-146, 483 N.E.2d 859 (10th Dist.1984). In addition, the defendant must show that he sought leave within a reasonable time after discovering the evidence relied upon to support the motion for new trial. *State v. Nunez*, 8th Dist. Cuyahoga No. 104917, 2017-Ohio-5581, ¶ 17, citing *State v. Gray*, 8th Dist. Cuyahoga No. 92646, 2010-Ohio-11, ¶ 18.

{¶8} Bryan's motion was premised on the United States Supreme Court's decision in *Hurst*, in which the Court concluded that Florida's death penalty statutory scheme violates the Sixth Amendment to the United States Constitution. The *Hurst* case was decided January 12, 2016, over five years after Bryan was sentenced to death. Bryan's motion for leave was filed a year after *Hurst* was decided. Although Bryan argues that *Hurst* is a complex decision that takes time to digest and understand, we find a year exceeded a reasonable time for filing the motion.

**{¶9}** In *State v. Mundt*, 7th Dist. Noble No. 17 NO 0446, 2017-Ohio-7771, the Seventh District found untimely a motion for leave to file a motion for a new mitigation trial that was filed a year after *Hurst*, 577 U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504. The court determined that Mundt had not shown he was unavoidably prevented from filing a motion when he "was capable of raising the same argument prior to *Hurst* using other cases as support." *Mundt* at ¶ 9. The Seventh District cited the Supreme Court of Ohio's decision in *State v. Roberts*, 150 Ohio St.3d 47, 2017-Ohio-2998, 78 N.E.3d 851, ¶ 84, which found a defendant raising a *Hurst* claim "could have made essentially the same Sixth Amendment argument by relying on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002)." The Seventh District also cited the Supreme Court of Ohio's decision in *Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, at ¶ 59-60, which recognized "Ohio's capital-sentencing scheme is unlike the laws at issue in *Ring* and *Hurst*." As explained in *Belton*,

> In Ohio, a capital case does not proceed to the sentencing phase until *after* the fact-finder has found a defendant guilty of one or more aggravating circumstances. *See* R.C. 2929.03(D); R.C. 2929.04(B) and (C); *State v. Thompson*, 141 Ohio St.3d 254, 2014-Ohio-4751, 23 N.E.3d 1096, ¶ 147. Because the determination of guilt of an aggravating circumstance renders the defendant eligible for a capital sentence, it is not possible to make a factual finding during the sentencing phase that will expose a defendant to greater punishment. Moreover, in Ohio, if a defendant is tried by a jury, then the judge cannot impose a sentence of death unless the jury has entered a unanimous verdict for a death sentence. R.C. 2929.03(D)(2).

> Federal and state courts have upheld laws similar to Ohio's, explaining that if a defendant has already been found to be death-penalty

eligible, then subsequent weighing processes for sentencing purposes do not implicate *Apprendi* and *Ring*. Weighing is *not* a fact-finding process subject to the Sixth Amendment, because "[t]hese determinations cannot increase the potential punishment to which a defendant is exposed as a consequence of the eligibility determination." *State v. Gales*, 265 Neb. 598, 628, 658 N.W.2d 604 (2003); *see, e.g.*, *State v. Fry*, 2006-NMSC-001, 138 N.M. 700, 718, 126 P.3d 516 (2005); *Ortiz v. State*, 869 A.2d 285, 303-305 (Del.2005); *Ritchie v. State*, 809 N.E.2d 258, 268 (Ind.2004). Instead, the weighing process amounts to "a complex moral judgment" about what penalty to impose upon a defendant who is already death-penalty eligible. *United States v. Runyon*, 707 F.3d 475, 515-516 (4th Cir.2013) (citing cases from other federal appeals courts).

(Emphasis sic.) *Belton* at ¶ 59-60.

{**¶10**} We agree with the *Mundt* decision and its application of the Supreme Court of Ohio's decisions in *Roberts* and *Belton.* *See Mundt* at ¶ 8-11. We find that Bryan's motion was untimely.

{**¶11**} Accordingly, we need not address Bryan's second assignment of error, which claims "Ohio's capital punishment scheme, R.C. 2929.03 and R.C. 2929.05 and the procedure set forth therein, deprive a defendant of his Sixth Amendment right to a jury trial." App.R. 12(A)(1)(c). Nonetheless, we recognize the First District's recent decision in *State v. Carter*, 1st Dist. Hamilton No. C-170231, 2018-Ohio-645, which was

submitted by the state as supplemental authority. In *Carter*, the court rejected a constitutional challenge to Ohio's death penalty statute that argued the imposition of the death penalty requires judicial fact finding in violation of the Sixth Amendment right to a jury trial as set forth in *Hurst*, 577 U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504. The First District found as follows:

> Post-*Hurst*, the Ohio Supreme Court recognized that, unlike the Florida statute, under Ohio law "the determination of guilt of an aggravating circumstance renders the defendant eligible for a capital sentence," and therefore "it is not possible to make a factual finding during sentencing phase that will expose a defendant to greater punishment." *State v. Belton*, 149 Ohio St.3d 165, 2016-Ohio-1581, 74 N.E.3d 319, ¶ 59. In other words, in Ohio a jury must first find a defendant guilty of an aggravating factor before the death penalty becomes a possibility. While *Belton* involved the 2008 version of Ohio's death penalty statute, the relevant provisions are substantially similar to the ones under review today. The key point from *Belton* is that the sentencing phase under Ohio law involves a weighing—not a fact-finding—process. *Id*. at ¶ 60. The Ohio jury's role in the mitigation phase affords an extra layer of protection to the accused. Without a jury recommendation that the defendant be sentenced to death, that sentence is unavailable. The Ohio judge's ability to reject a death sentence recommendation affords a safety valve and maintains a

court's traditional role in imposing punishment. These layers of protection afforded a defendant comply with *Hurst*. *See State v. Jackson*, 8th Dist. Cuyahoga No. 105530, 2018-Ohio-276; *State v. Mason*, 3d Dist. Marion No. 9-16-34, 2016-Ohio-8400.

*Carter* at ¶ 8. We agree with the analysis in *Carter*.

{¶12} We also recognize that the Supreme Court of Ohio accepted discretionary review of the *Hurst* issue in *State v. Mason*, 3d Dist. Marion No. 9-16-34, 2016-Ohio-8400, ¶ 48. In *Mason*, the defendant was granted federal habeas corpus relief as to his death sentence and, while his resentencing was pending, *Hurst,* 577 U.S. __, 136 S.Ct. 616, 193 L.Ed.2d 504, was decided. The trial court then granted the defendant's motion to dismiss the death-penalty specification from his indictment, and the state appealed. The Third District rejected the defendant's *Hurst* claim and concluded that "Ohio's death-penalty statute in effect in 1993 [R.C. 2929.03] does not violate the Sixth Amendment." *Mason* at ¶ 48. The court noted that although the statute has been amended a number of times since 1993, none of those revisions changed the role of the jury or the judge. *Id*. at ¶ 21, fn. 5. The *Hurst* issue is also before the Supreme Court of Ohio in *State v. Ford*, Ohio S.Ct. No. 2015-1309. Neither of those cases involve a motion for leave to file a motion for a new mitigation trial.

{¶13} Finally, we note that Bryan filed a motion for relief raising the same *Hurst* claim in the Supreme Court of Ohio and that motion was denied. *State v. Bryan*, 148 Ohio St.3d 1423, 2017-Ohio-905, 71 N.E.3d 296.

{¶14} Because the motion for leave was untimely, we uphold the decision of the trial court.

{¶15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.        The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
MELODY J. STEWART, J., CONCUR