[Cite as *State v. Rodano*, 2019-Ohio-2117.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :

                                 No. 107880

    v.                            :

DALE RODANO,                      :

    Defendant-Appellant.          :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 30, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-590106-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mary M. Frey, Assistant Prosecuting Attorney, *for appellee.*

Dale Rodano, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Dale Rodano appeals the denial of his motion for leave to file a delayed motion for new trial. We affirm.

{¶ 2} Rodano was convicted of aggravated arson and insurance fraud in 2014 — the state claimed Rodano set fire to his home in order to collect the insurance

money. His appellate rights have been exhausted. *State v. Rodano*, 2017-Ohio-1034, 86 N.E.3d 1032 (8th Dist.) (convictions affirmed); *State v. Rodano*, 8th Dist. Cuyahoga No. 104176, 2017-Ohio-8221 (reopening denied); *State v. Rodano*, 151 Ohio St.3d 1527, 2018-Ohio-557, 91 N.E.3d 758 (discretionary appeal of direct appeal not allowed). He is currently serving an aggregate, six-year term of imprisonment.

{¶ 3} In late 2018, Rodano filed a delayed motion for new trial under Crim.R. 33. In that motion, Rodano claimed that a newly announced Supreme Court decision, *McCoy v. Louisiana*, 584 U.S.____, 138 S.Ct. 1500, 1503, 200 L.Ed.2d 821 (2018), constituted "new evidence" or a new basis for relief that Rodano was "unavoidably prevented" from obtaining an order to timely file a motion for a new trial. The trial court disagreed and denied Rodano's request without a hearing. This timely appeal followed.

{¶ 4} Although presented as multiple assigned errors, Rodano claims that the trial court erred in denying him leave to file a motion for a new trial because the intervening *McCoy* decision constituted a valid basis to seek a new trial. In *McCoy*, the issue before the Court was whether it was unconstitutional to permit a defendant's counsel to concede guilt to the trier of fact over the defendant's obstinate and unambiguous objection. Never mind the inapplicability of *McCoy* to Rodano's circumstances — there is no factual argument that his counsel conceded Rodano's guilt to the jury at trial or at sentencing — the Criminal Rules do not provide the

relief Rodano is requesting. Crim.R. 33 does not create an exception for delayed motions for new trial based on newly announced court decisions.

{¶ 5} Crim.R. 33 provides six reasons upon which an offender may seek a new trial: (1) irregularity in the proceedings that deprives the defendant of a fair trial; (2) misconduct of the jury, prosecutor, or a state's witness; (3) accident or surprise that ordinary prudence would not have guarded against; (4) verdict is not sustained by sufficient evidence; (5) legal error during trial; or (6) new evidence material to the defense is discovered that could not have been discovered with reasonable diligence in time for trial. The motion must be filed within 14 days of the verdict, unless the "defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein." Crim.R. 33(B). Motions for a new trial on account of newly discovered evidence must be filed within 120 days of the verdict, also unless the defendant was unavoidably prevented from discovering the evidence. *Id.* Thus, under the rule, a defendant who fails to timely file a motion for a new trial must seek leave from the trial court to file a delayed motion for a new trial. *State v. Dues*, 8th Dist. Cuyahoga No. 105388, 2017-Ohio-6983, ¶ 7, citing *State v. Mathis*, 134 Ohio App.3d 77, 79, 730 N.E.2d 410 (1st Dist.1999).

{¶ 6} The trial court, in part upon the state's urging, denied Rodano's motion by concluding that Rodano had not demonstrated that he was unavoidably prevented from discovering the evidence upon which his claim for a new trial is

based.  The state also argues that Crim.R. 33(A) does not include newly announced case decisions as a basis for a new trial.  The latter argument is the stronger one.  Although the trial court's determination differs from our following decision, in this regard, we may affirm the decision of the court as long as it is legally correct.  *State v. Bryan*, 8th Dist. Cuyahoga No. 105774, 2018-Ohio-1190, ¶ 5, citing *State v. Gulley*, 8th Dist. Cuyahoga No. 101527, 2015-Ohio-3582, ¶ 12, *State v. Payton*, 124 Ohio App.3d 552, 557, 706 N.E.2d 842 (12th Dist.1997), and *Reynolds v. Budzik*, 134 Ohio App.3d 844, 846, 732 N.E.2d 485 (6th Dist.1999), fn. 3.

{¶ 7}  Of the six bases for a new trial under Crim.R. 33(A), none contemplates newly announced case decisions and the "authority to proceed under Crim.R. 33 empowers a court to provide relief only under that rule."  *State v. Apanovitch*, 155 Ohio St.3d 358, 2018-Ohio-4744, ¶ 39.  In his motion for leave, Rodano cited Crim.R. 33(A)(1) and (6) as authority upon which his request was based.  Newly announced decisions are not "evidence" as contemplated under Crim.R. 33(A)(6).  *State v. Ingram*, 10th Dist. Franklin No. 08AP-937, 2009-Ohio-2755.

{¶ 8}  Rodano also claims that his delayed motion for a new trial is based on ineffective assistance of counsel, under Crim.R. 33(A)(1) because his trial counsel refused to permit Rodano to testify at trial, and under *McCoy*, the Sixth Amendment claim did not arise until after the Supreme Court issued its decision.  Again, it is noteworthy that Rodano always had the right to personally decide to testify in his own behalf.  *State v. Pasqualone*, 121 Ohio St.3d 186, 2009-Ohio-315, 903 N.E.2d

270, ¶ 23, quoting *Florida v. Nixon*, 543 U.S. 175, 187, 125 S.Ct. 551, 160 L.Ed.2d 565 (2004), and *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). Further, that right could be secured through a claim of ineffective assistance of counsel. *See, e.g.*, *State v. Driftmyer*, 6th Dist. Ottawa No. OT-16-021, 2017-Ohio-4016, ¶ 23 (defendant's claim that counsel was ineffective for refusing to permit the defendant to take the stand was considered but overruled based on the facts of the case). *McCoy* did not create a new right as it pertains to Rodano's situation.

{¶ 9} Nevertheless, Rodano relies on *Bryan*, 8th Dist. Cuyahoga No. 105774, 2018-Ohio-1190, in which it was concluded that a motion for leave to file a motion for a new trial was properly denied because of the defendant's five-year delay in filing the motion after the release of a Supreme Court decision upon which the motion rested. *Id.* at ¶ 8. According to Rodano, *Bryan* stands for the proposition that a new constitutional claim is a valid basis upon which to base a motion for a new trial. In *Bryan*, that argument was expressly ignored in light of the alternative basis for affirming, namely, the delay in filing. *Id.* at ¶ 6 ("Although the state argues that Bryan's attempt to raise a new constitutional claim does not fall under any of the grounds for a new trial and does not allow for a 'new sentencing proceeding,' we need not reach these arguments herein."). *Bryan* is not controlling, nor does it provide any analysis in support of Rodano's argument.

{¶ 10} As the Tenth District addressed in *Ingram*, 10th Dist. Franklin No. 08AP-937, 2009-Ohio-2755, none of the grounds for a delayed motion for a new

trial in Crim.R. 33(A) specifically refers to a newly announced Supreme Court decision recognizing a new state or federal right. *Id.* at ¶ 15. According to *Ingram*, the closest analog is Crim.R. 33(A)(5), discussing errors of law occurring at trial, but that provision generally deals with rulings that are legally erroneous while the case is pending. *Id.* A similar conclusion was recently reached in *State v. Jackson*, 2018-Ohio-276, 105 N.E.3d 472, ¶ 17 (8th Dist.). In *Jackson* it was concluded that "[i]ndeed, an error based on changes in the law that occurred after trial obviously could not have occurred during trial" for the purposes of Crim.R. 33(A)(5). *Id.* According to *Jackson*, the appropriate mechanism to assert claims based on newly recognized federal or state rights that is recognized by the United States Supreme Court fall under R.C. 2953.23(A)(1), but only if the requirements of the statute are fulfilled.

{¶ 11} In light of the fact that *McCoy* did not announce a new federal or state right applicable to Rodano's case, we need not address the implications of the postconviction statute. Rodano has not demonstrated any error in the denial of his motion for leave to file a motion for a new trial under Crim.R. 33. We affirm.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR